## CLARK and Another *v.* GOODWIN.

Where there is a judgment against two upon a bond, and one gives a release of errors, the release may be pleaded in bar of a writ of error, *quoad* him who released.

If a release of errors, filed under the statute to obtain an injunction, be not sealed, it is of no validity.

In debt upon a penal bond, conditioned for the performance of covenants, if there be judgment on demurrer for the plaintiff, and breaches have not been previously assigned, the plaintiff must suggest the breaches on the roll, have the damages inquired of by a jury, and the inquisition entered of record. Then judgment is rendered for the penalty of the bond and costs; and execution issues in conformity to the judgment, but with an endorsement to levy only the damages assessed, with costs.

*Monday,*
*July 31.*

ERROR to the *Clark* Circuit Court.—*Goodwin*, the plaintiff below, brought an action of debt against *Clark, New, Harrison,* and *Brown.* The declaration, after reciting the arrest of the two former, and that the others were returned not found, was in the usual form, against *Clark* and *New,* upon a common bond for the payment of money (1). The defendants upon whom the process had been executed, appeared, and after craving oyer, pleaded *non damnificatus,* setting out in their plea the condition of the bond, which was, that if *Brown* should faithfully discharge his duties as deputy sheriff to the plaintiff, and well and truly collect, and account for, the county levy and land tax for that year, and indemnify the plaintiff, &c., the bond should be void. General demurrer to the plea, and joinder.—The defendants, by leave of the Court, withdrew their joinder in demurrer, and filed an amended plea, stating that *Brown* had faithfully discharged his duties of deputy sheriff, according to the condition of the bond; and that the plaintiff had not been damnified. General demurrer to the amended plea, and joinder.—The Circuit Court sustained the demurrer, and rendered final judgment against the defendants, (plaintiffs in error,) for 5000 dollars, the penalty of the bond, with interest and costs.

The principal error assigned by the plaintiffs in error, *Clark* and *New,* was, that the judgment on the demurrer should not

have been *final*, but, if against them at all, *interlocutory* only; that breaches should have been assigned, and the damages assessed by a jury.—To the assignment of errors, *Goodwin*, the defendant in error, pleaded, first, the common joinder, *in nullo est erratum;* secondly, a release of errors by *Clark*, in bar of the writ of error as to him.   To the special plea, the plaintiffs in error demurred, on the ground that the release pleaded, being executed by one of them only, was void.  Upon an intimation by the Court, that the special plea was good against him who had released (2), the demurrer was withdrawn by leave of the Court, and the special plea was replied to by *Clark*.  The replication stated, that *Clark* had executed the release of errors for the sole purpose of obtaining an injunction of the judgment, brought up by the writ of error in this case; but that as he was the only complainant in the bill, and as the release of errors was not sealed according to the statute, he had dismissed his bill, conceiving that he had no redress in Chancery.  Demurrer to the replication and joinder.

BLACKFORD, J.—The facts contained in the replication are well pleaded, and form a sufficient answer to the special plea. The release was not given upon any consideration from the plaintiff below, but for the special purpose of obtaining redress in Chancery.  As the release was not sealed in conformity with the statute, it could not have had any influence upon the rights of the plaintiff to which his judgment entitled him: the complainant could not have derived any advantage from it; and by dismissing his bill he abandoned the attempt.  *Clark*, therefore, is not barred by such a release from prosecuting this writ of error.

We will next proceed to consider the case upon the assignment of errors and joinder.  By the common law, the obligor was bound to pay the whole penalty of the bond, if he failed to comply with the condition at the time specified.  As a remedy for this evil, the statute of 8 and 9 *Will.* 3., was enacted.  We have a similar statute, which points out the practice to be pursued in cases like the one under consideration.  The opinion of the Court, upon the demurrer, in favour of the plaintiff below, is not called in question; but in immediately rendering an absolute judgment for the penalty of the bond and interest, they committed an error.  This was a penal bond conditioned for the performance of covenants.  In such cases, when the plaintiff below succeeds on demurrer, the formal entry of final judgment

ought to be stayed, until damages are assessed by a jury upon the breaches assigned according to the statute, and the assessment is entered of record. Judgment is then rendered for the penalty of the bond, and the costs of the suit; and the assessment regulates the sum to be levied on the execution. The judgment, for the penalty remains as a security for further breaches (3).

HOLMAN, J., was absent in consequence of indisposition.

*Per Curiam.*—The judgment is reversed, and the proceedings up to the overruling of the demurrer are set aside, with costs. Cause remanded for further proceedings.

*Nelson*, for the plaintiffs.

*Dewey*, for the defendant.

(1) This proceeding against the defendants summoned, upon a return of *non est* as to the others, was warranted by the act in force when the case was determined below. Ind. Stat. 1807, p. 334.—Vide *Morris* v. *Knight*, and note. *Nov.* term, 1820. Post.

(2) But such a release by one, will not bar the others. *Ruddock's* case, 6 Co. Rep. 25, 26.—*Blunt* v. *Snedston*, Cro. Jac. 116, 117.—*Hacket* v. *Herne*, 3 Mod. 135.—2 Tidd's Pr. 1120.

(3) To be relieved from the penalty, by the payment of what was justly due, the party, prior to the 8 and 9 Will. 3, had to resort to Chancery. The statute remedies that inconvenience, and permits no other recovery at law, than the damages which a jury may assess, for the breaches of covenant assigned and proved, with costs. Although the statute is, that the plaintiff *may* assign, &c., the decisions have been uniform that he has no choice, but *must* do so in all cases within the act. *Drage* v. *Brand*, 2 Wils. 377.—*Hardy* v. *Bern*, 5 T. R. 636.—*Roles* v. *Rosewell*, ibid. 538.—*Walcot* v. *Goulding*, 8 T. R. 126.— *Welch* v. *Ireland*, 6 East, 613. The few cases to which the statute has been held not to apply, are bonds for the payment of a sum of money in gross, 2 Will. Saund. 187, note 2;—replevin bonds, where goods are distrained, *Middleton* v. *Bryan*, 3 Maule and Selw. 155;—bail bonds, *Moody* v. *Pheasant*, 2 Bos. and Pull. 446;—and bonds of petitioning creditors, in cases of bankruptcy, *Smithey* v. *Edmonson*, 3 East, 22. The reason the statute does not apply to bail and replevin bonds, is, that the Court, in the former by stat. of 4 *Anne*, and in the latter by 11 *Geo.* 2., can afford to the party the necessary relief. *Middleton* v. *Bryan*, supra. It is held not to apply to a petitioning creditor's bond, because by stat. 5 *Geo.* 2., the chancellor there assesses the damages. *Smithey* v. *Edmonson*, supra. It has been decided that the statute extends to annuity bonds, *Walcot* v. *Goulding*, 8 T. R. 126;—and to bonds for the payment of money by instalments. *Willoughby* v. *Swinton*, 6 East, 550. Vide Ind. Stat. 1817, p. 36, 37, and 1823, p. 293—the same in substance with 8 and 9 Will. 3. For the forms of proceeding under the statute, vide *Appendix*.