## Edward Cole and others v. Ezra Thayer.

*Writ of error sued out contrary to stipulation, dismissed.* A writ of error sued out by three defendants jointly, to review a judgment which two of said defendants, in consideration of a consent of the plaintiff to a new trial in the court below, had stipulated before trial, should be final, and that no steps would be taken or suffered by them for either a review thereof or for a new trial, and that they would pay such judgment within sixty days after its rendition, will be dismissed on motion, although said stipulation was not signed by said third defendant.

*Heard and decided July 9.*

Motion to dismiss writ of error, on the ground that the same was sued out in bad faith and contrary to the stipulation of two of said plaintiffs in error.

The writ of error was in the name of Edward Cole, Luman Jenison, and Hiram Jenison, as plaintiffs in error,

to review a judgment rendered against them as defendants, and in favor of said Thayer, as plaintiff, in the circuit court for the county of Ottawa.

In support of the motion affidavits were read, showing that the cause was three times tried in the court below, each trial resulting in a verdict and judgment for the plaintiff; that after the second trial and judgment, a motion for a new trial was made and denied, and that thereupon execution was issued upon said judgment and levied upon property, which had been subsequently replevied from the officer making the levy, and two such replevin suits were pending, when an arrangement was made by virtue of which said replevin suits were discontinued without costs, and a written stipulation (a copy of which is given), entitled in said cause and executed by the attorney for the defendants and by said Luman and Hiram Jenison, was filed in said cause; that upon filing said stipulation a new trial was had, which resulted in the judgment now sought to be reviewed; that said defendants signed said stipulation because said plaintiff would not take the stipulation of their attorney alone, and insisted that they should sign it, and that the reason said plaintiff did not have said defendant Cole sign said stipulation also, was, that he had been adjudged a bankrupt and received his discharge as such, and was not pecuniarily responsible. Said stipulation was as follows, viz: "The plaintiff in this suit having consented that a new trial therein be granted, it is thereupon considered and agreed by the above named defendants, Luman Jenison and Hiram Jenison, that in case the plaintiff on such new trial should recover a judgment against said defendants, these last named defendants will pay such judgment, damages, interest, and costs, within sixty days from such rendition of judgment, and that such judgment shall be final, and that no steps shall be taken or suffered by them for either a review of said judgment or for a new trial."

*John T. Holmes,* for the motion.

*M. J. Smiley, contra.*

THE COURT held that the stipulation would preclude said Luman and Hiram Jenison from suing out this writ of error, and as the writ is sued out in their name jointly with that of said Cole, the writ must be dismissed. If Cole desired to review the judgment he should have sued out a sole writ in his own behalf, in accordance with rule 35 of this court.

Motion granted.