SALING *v.* GERMAN SAV. BANK.

(*Common Pleas of New York City and County, General Term.* February 3, 1890.)

LEAVE TO GO TO COURT OF APPEALS—STIPULATIONS.

　　A stipulation, in an appeal from the city court to the common pleas, that in case of an affirmance "judgment absolute shall be rendered against defendant and appellant," precludes an appeal by defendant to the court of appeals.

An application for leave to appeal to court of appeals. For opinion on appeal, see 7 N. Y. Supp. 642.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Sanders, Wagner & Auerbach,* for appellant. *M. Bayersdorfer,* for respondent.

BOOKSTAVER, J. This action was originally commenced in the city court, and on the trial resulted in a dismissal of the complaint. An appeal was taken from the judgment of dismissal to the general term of that court, and resulted in a reversal of the judgment and in ordering a new trial. 7 N. Y. Supp. 642. From this order of the general term of that court an appeal was taken by the defendant to this court, and in such appeal the defendant stipulated as follows: "And the defendant and appellant hereby assents that, if the said order of reversal so appealed from be affirmed, judgment absolute shall be rendered against defendant and appellant." The giving of such a stipulation, we think, precludes an appeal to the court of appeals. *Gordon* v. *Hartman,* 79 N. Y. 221. But, if this were not so, we think leave should not be given. The general term of this court unanimously affirmed the order granting a new trial. There is involved in the litigation no principle of general interest, and the court of last resort has definitely passed upon the liability of savings banks and their depositors in cases similar to the present. *Appleby* v. *Bank,* 62 N. Y. 12; *Allen* v. *Bank,* 69 N. Y. 314; *Smith* v. *Bank,* 101 N. Y. 58, 4 N. E. Rep. 123. We therefore think the leave asked for should be denied, with costs.