UNITED STATES CONSOL. SEEDED RAISIN CO. v. CHADDOCK & CO.

(Circuit Court of Appeals, Ninth Circuit. November 3, 1909.)

No. 1,736.

1. APPEAL AND ERROR (§ 167*)—GROUNDS FOR DISMISSAL OF APPEAL—STIPU-LATION NOT TO APPEAL.

A stipulation by the parties to a suit that no appeal shall be taken from the decree of the trial court, if based on a valid and legal consideration, will be enforced by the appellate court, and an appeal, if taken, dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1008, 1009; Dec. Dig. § 167.*]

2. APPEAL AND ERROR (§ 167*)—DISMISSAL OF APPEAL—ENFORCEMENT OF STIP-ULATION NOT TO APPEAL.

An appeal dismissed, as in violation of a valid stipulation not to appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1008, 1009; Dec. Dig. § 167.*]

Appeal from the Circuit Court of the United States for the Northern Division of the Southern District of California.

Suit by the United States Consolidated Seeded Raisin Company against Chaddock & Co. From a decree dismissing the bill, complainant appeals. Motion to dismiss appeal sustained.

The appellant, as owner of the patent issued to George Pettit, Jr., and John D. Sprower, on February 14, 1899, for a fruit-seeding machine, brought suit in the court below against the appellee, alleging that the appellee had been making, using, and selling machines containing the said invention, and praying for an accounting and an injunction. The appellee answered, denying infringement, and alleging, among other defenses, that the appellant was equitably estopped to assert that the appellee's machine infringed its patent, for the reason that more than two years prior to the commencement of the suit the appellee, at the request of the appellant, allowed and permitted it to inspect the machines then and ever since used by the appellee, that said machines were carefully inspected and scrutinized by the appellant, and that thereupon the appellant informed the appellee that said machine so made and used by it did not in any respect infringe any of the rights of the appellant or their said patent; that, relying upon said statement and acquiescence, the appellee had continued to use the machines and had expended large sums of money in connection therewith. On the issues and the evidence taken in the court below the trial court found that claim 17 of the appellant's patent, being the claim which was in controversy, was valid, and that the appellee's machines fell within the terms thereof, but that by reason of the conduct of the appellant it was estopped to allege that the appellee had infringed its patent, and on the ground of estoppel solely the court dismissed the bill. Testimony was taken on the trial concerning an experimental use made by the appellee, more than a year after the commencement of the suit, of a new machine, made at the instance of E. L. Chaddock, one of the stockholders of the appellee, under an invention for which he subsequently obtained letters patent. The testimony was given by two witnesses, one of whom was the assistant secretary of the appellant, and the other was a manufacturer of raisin seeding machines, both of whom were invited by the appellee to inspect the machine. They testified that they did so, that the machine was operated for their inspection, and their testimony tended to show that it infringed the appellant's patent. The testimony so taken was received over the appellee's objection that it had no reference to any machine involved in the controversy. As to that machine, the decree of the court below recites as follows: "And it also appearing to the satisfaction of the court that the

use of the fourth machine, referred to in the testimony, being experimental, does not constitute an infringement of the patent in suit." The appellant appealed from the decree.

John H. Miller, William K. White, and Horace G. Platt, for appellant.

L. L. Cory, for appellee.

Before GILBERT and MORROW, Circuit Judges, and HUNT, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The appellee has moved to dismiss the appeal on the ground that the appellant by its written agreement had relinquished its right to appeal from the decree. It is shown that after the cause had been argued and submitted in the court below, and before the decision thereof, the appellee, together with E. G. Chaddock, E. L. Chaddock, and John Chaddock, as parties of the first part, entered into an agreement with the appellant, as party of the second part, in which, after referring to the patents of the respective parties, it was recited that:

"Whereas, many conflicting claims have arisen between the holders and owners of said respective patents, and which have resulted in litigation, which is expensive and otherwise injurious to the business and interests of the respective parties hereto, and it is the desire of said respective parties hereto to make and enter into an arrangement whereby and during its continuance there would be an amicable arrangement and adjustment between them of their respective controversies, and in the hope of a final, just, and amicable settlement of all disputes and differences."

In the agreement it was covenanted that so long as the parties of the first part shall deal exclusively in, and shall purchase, sell, and handle, only seeded raisins seeded, processed, and packed by the party of the second part, and no other, the parties of the first part do lease and demise unto the party of the second part, for a term of three years, the Chaddock raisin seeding plant at an annual rental of $15,000, provided, however, that, should the said suit then pending and undecided be decided in favor of the appellee, the annual rental should be $20,000. Then follows this proviso:

"And provided, further, that the judgment which shall be rendered in said Circuit Court in said action or suit, whether the same shall be in favor of said plaintiff or of said defendant, shall be final, and shall not be appealed from or otherwise assailed, in any manner or mode whatsoever, by either or any of the parties hereto or thereto, except, only, that if by said judgment or decree it shall be held and adjudged that the patent belonging to said party of the second part, and concerning which the said action or suit is brought, is invalid, or that the same is not infringed upon by any machine, or machines, belonging to said Chaddock & Co., or by any machine described in and claimed by said letters patent granted to said E. L. Chaddock, above referred to, said party of the second part may appeal from said judgment, or take such other course with reference thereto, and for the protection of its rights in the premises, as it may be advised, and except, further, that if the decree or judgment rendered in said action or suit shall be in favor of said party of the second part, and shall be sufficient in its terms to cover a machine built under and in accordance with said patents held by E. L. Chaddock, and to hold that such a machine infringes the patent of said party of the second part, then and in that event said Chaddock & Co. may appeal from the said judgment or decree, or take such other course to obtain a review or correction of said judgment or decree as it may be advised."

The agreement is of great length, and contains numerous other provisions, but none bearing upon the question of the right to appeal. The right of the appellant to prosecute the appeal, in view of the terms of the agreement, depends upon the construction to be given to the decree. The appellant does not contend—and, indeed, the contention, if made, could not be sustained—that the decree holds its patent invalid; but it contends that by virtue of the decree it is adjudged that the appellant's patent is not infringed upon by the machines used by the appellee. We are unable to agree with this contention. There was no finding whatever upon the question of infringement. Having determined that an equitable estoppel arose from the conduct of the appellant, the court found it unnecessary to enter upon a discussion of the question of infringement. The decree says in substance to the appellant:

"It is immaterial whether the machines used by the appellee infringe upon your machine, for by your conduct you are estopped to allege infringement."

But the appellant points to the machine made under the letters patent granted to E. L. Chaddock during the pendency of the suit, and the experimental use which was made thereof, and insists that, inasmuch as the court held that such use of the machine was not an infringement of the appellant's patent, that finding, within the express terms of the stipulation, secures to it the right to appeal. To this it is a conclusive answer to point to the fact that in the decree of the court below there was no decision on the question whether that machine did or did not infringe the appellant's patent. The court did not hold that it was not an infringing machine, but held that its use by the appellee was not an infringing use, for the reason that it was only experimental. There was no decision that the machine itself, as constructed, was not an infringing machine. By the terms of the stipulation it was only in case that the court held that the appellant's patent was "not infringed upon by any machine belonging to or theretofore used by the appellee, or by any machine described in the claim by letters patent issued to E. L. Chaddock," that the appellant was to have a right to appeal. The purpose of the agreement was to end the litigation, and its purport is that the parties thereto were to abide by the decision of the court, unless thereby it should be decreed that the appellant's patent was invalid, or that the appellant's machines were so constructed, devised, or arranged as to avoid infringement thereof. In short, the appellant reserved the right to appeal only in case the decree affected the integrity of its patent rights. This, it is clear, the decision did not do.

While in some jurisdictions it has been held that a mere promise or agreement not to prosecute an appeal will not divest an appellate court of its jurisdiction (Sanders v. White, 22 Ga. 103; Fahs et al. v. Darling et al., 82 Ill. 142; Runnion v. Ramsay, 93 N. C. 410), the contrary has been held in other jurisdictions; and it seems to be universally held that, where such an agreement is made upon a valid and legal consideration, either before or after trial, it will be enforced in an appellate court, and the appeal, if taken, will be dismissed (Townsend v. Masterson, etc., 15 N. Y. 587; Cole v. Thayer, 25 Mich. 212; Oliver v. Blair [Cal.] 5 Pac. 917; Saling v. German Savings Bank [Com. Pl.]

8 N. Y. Supp. 469; Commonwealth v. Johnson, 6 Pa. 136; Wheeler v. Floral M. & M. Co., 10 Nev. 200; Hill v. Hermans, 59 N. Y. 396; Mackey, Executor, v. Daniel, 59 Md. 484; Emerick v. Armstrong et al., 1 Ohio, 513; Johnson v. Halley, 8 Tex. Civ. App. 137, 27 S. W. 750). In Townsend v. Masterson, etc., supra, it was said:

"It is insisted by the defendant's counsel that the jurisdiction of this court is limited to hearing appeals upon their merits, and that it cannot enforce stipulations made by the parties in the subordinate courts. But certainly the duty of hearing appeals involves the jurisdiction of determining whether a particular case is properly before us on appeal. It is perfectly competent for the parties to determine, in the preliminary steps of the litigation, whether they will place the question in dispute in a condition to be reviewed here. They may omit to except to the decision of the court before whom the primary decision is made, or, after excepting, they may waive or abandon the exception absolutely or to a modified extent. There is no reason, therefore, why they may not mutually agree that exceptions which have been taken shall only be effectual to sustain an appeal to the General Term of the same court."

The appellant makes the point that the objection to taking the appeal should have been presented in the court below, and that it comes too late when presented for the first time in this court. We find no substantial ground for so holding. The agreement was not on file in the court below, and the order allowing the appeal was made by the court apparently in ignorance of its existence. In accepting the service of the assignments of errors, counsel for the appellee reserved "all exceptions and objections to the taking of the appeal." There was no waiver, therefore, of the rights secured to the appellee by the agreement. The objection to the jurisdiction of the appellate court to entertain an appeal in such a case is properly addressed to that court. It is so held in the cases above cited.

The motion to dismiss must be allowed.