## SOUTHERN INDIANA POWER COMPANY *v.* COOK ET AL.

### [No. 22,676. Filed December 8, 1914.]

1. EMINENT DOMAIN.—*Proceedings.—Judgment.*—Considering together the provisions of §929 *et seq.* Burns 1914, Acts 1905 p. 59, relating to taking of property by eminent domain, it is contemplated that when the amount of damages to be paid is the only thing involved, a judgment therefor may be properly had at whatever point in the proceeding the question has reached a finality; hence, where plaintiff was in the possession of land before it commenced the condemnation proceeding, a judgment rendered upon the award of the appraisers for the amount thereof, and vesting the lands in the plaintiff upon its payment, was not erroneous. p. 507.

2. EMINENT DOMAIN.—*Proceedings.—Judgment.*—In an eminent domain proceeding it is the general rule, in the absence of statutory regulation on the subject, that where possession has already been taken of the property a personal judgment for the damages is proper, but improper where there has been no entry and the effect of the proceedings is to fix the price at which the petitioner may take the property if it elects to do so. p. 509.

3. EMINENT DOMAIN.—*Proceedings.—Appeal.—Stipulations.— Construction.*—In eminent domain proceedings to assess damages for land upon which the petitioner had entered, an agreement to "waive exceptions and right of appeal", precluded an appeal from a judgment on the award, since such a judgment is authorized under the statute. p. 509.

4. APPEAL. — *Waiver by Agreement. — Dismissal.* — A stipulation waiving the right of appeal is valid and binding, and where an appeal is taken in violation of such an agreement, objection may be properly taken by a motion to dismiss. p. 510.

From Lawrence Circuit Court; *Oren O. Swails,* Judge.

Condemnation proceedings by the Southern Indiana Power Company against Washington C. Cook and others. From

a judgment on the award of damages, the condemnor appeals. *Appeal dismissed.*

*Brooks & Brooks,* for appellant.
*Boruff & Boruff* and *John H. Edwards,* for appellees.

Cox, J.—Appellant is a corporation organized under the provisions of the act of 1907 for the purpose of manufacturing and selling electric current for light and power. Acts 1907 p. 207, §§5074-5083 Burns 1914. It filed its complaint in the circuit court to condemn the right to overflow appellee Cook's land and to have assessed the damages thereto which had resulted from the overflowage of such lands by the backwater created by a dam for appellant's hydro-electric power plant which it had located in and on White River at Williams, Lawrence County. This proceeding was taken under the eminent domain act of 1905. Acts 1905 p. 59, §929 *et seq.* Burns 1914. It appears from the allegations of the complaint that at the time the proceeding was instituted appellant's dam was then built and Cook's land invaded by the backwater therefrom. The transcript of the record of the lower court now before us shows that Cook filed objections to the complaint. It further appears therefrom that these objections were withdrawn, that certain named appraisers were agreed on by the parties, that these appraisers were appointed by the court to assess the damages and that the parties agreed to "waive exceptions and right of appeal". These appraisers duly assessed the damages and made their report thereof to the court. No exceptions were filed to the assessment of damages so reported and on motion of appellee Cook and over appellant's objection the court rendered judgment on the award for the amount thereof and that "upon the payment of said judgment with interest, the lands, rights and easements in this proceeding sought to be appropriated be vested in the plaintiff * * * for the purpose of overflowage of the backwater from plaintiff's dam * * * at its present height,

and that plaintiff be authorized to continue and maintain said dam as it now exists free of future claims on account of overflowage upon the lands described in the complaint''.

Appellant excepted to this judgment and has appealed therefrom asserting here that it was unnecessary and unauthorized and therefore erroneous. Appellees have filed a motion to dismiss the appeal based on the ground that appellant is estopped to take or maintain the appeal by the agreement waiving the right to except and to appeal. Appellant meets the motion to dismiss with the contention that the agreement to ''waive exceptions and right of appeal'' had reference to the exceptions to the award of damages made by the appraisers and appeal therefrom to the circuit court provided by §8 of the act of 1905 (§936 Burns 1914, Acts 1905 p. 59), and that appellant abided by the agreement and filed no exceptions to the award and did not appeal therefrom. And it is claimed that appellant was not bound by the agreement not to appeal from a judgment which it contends was unnecessary and not authorized by the statute. It is perhaps true that if the judgment rendered on the award by the circuit court was unauthorized and improper the agreement might be deemed to have the narrow limits which appellant claims, but we do not so view the judgment. It is true as appellant's counsel claims that the statute does not expressly provide for judgment on the award of damages by the appraisers. Section 934 Burns 1914, Acts 1905 p. 59, provides that the appraisers shall determine and report to the court the damages to the land *sought to be* appropriated. The following section (§935 Burns 1914, Acts 1905 p. 59), provides: ''If the plaintiff shall pay to the clerk of such court the amount of damages thus assessed, it shall be lawful for such plaintiff *to take possession of* and hold the interest in the land so appropriated * * *. But the amount of such * * * damages shall be subject to review as provided in the next section''. The next section provides that any party may file

written exceptions to the amount of the damages awarded in
the circuit court, whereupon the cause shall proceed to issue,
trial and judgment as in civil actions. That provision of
§935, *supra,* quoted above manifestly gives one, who is seek-
ing the right through the power of eminent domain to sub-
ject the land of another to a *proposed* occupancy and use for
a public purpose, the right to take possession of it and sub-
ject it to such use upon payment of the damages assessed by
the appraisers. His right to condemn has, if the statute has
been followed, been settled by steps in the proceeding an-
terior to the report of the appraisers. When the award is
reported he may pay and take possession, or, he may decline
to pay and abandon the right to take possession. When ex-
ceptions are filed and the matter comes before the court for
trial thereon the condemnor is in possession, or, he has the
right to the possession, and the sole matter to try is the
amount of damages, and at this point the statute expressly
provides for the rendition of judgment by the court for the
amount of the damages suffered by the one whose property
has been taken. Now in the case before us as we have seen
it appears from appellant's complaint that its plant was
erected and in operation and appellee's land subjected to use
for the overflow of the backwater from the dam at the time
the proceeding was instituted. The allegations of the com-
plaint show positively that appellant is in no position to
surrender to appellee the lands belonging to him which it has
put to the public use it is serving. Nothing was left to it
but to pay the damages and it had agreed to abide by the
amount thereof which the appraisers agreed upon by the
parties and appointed by the court should fix. Under such
circumstances a judgment on the award of the appraisers
was as obviously proper as it would have been later on the
verdict of the jury had exceptions been filed and the ques-
tion of damages been submitted to it. Section 11 of the act
of 1905 (Acts 1905 p. 59, §939 Burns 1914), provides:
"Any person having an interest in any land which has here-

tofore been or may hereafter be taken for any public use, without having first been appropriated under this or any prior law, may proceed to have his damages assessed under this act, substantially in the manner herein provided". This section very clearly, we think, is a provision for the recovery of damages and nothing else and contemplates an enforceable judgment for the amount assessed. *Vandalia Coal Co.* v. *Indianapolis, etc., R. Co.* (1907), 168 Ind. 144, 152, 79 N. E. 1082. The proceeding before us now presents no other issue than would have been presented by one under §939, *supra.* Taking the provisions of the statute together it may fairly be said to contemplate that when the amount of the damages to be paid by the condemnor is the only thing involved a judgment therefor is proper at whatever point in the proceeding that question has reached a finality.

No question is made by appellant as to the form of the judgment and indeed there was nothing in it to arouse complaint from appellant. The general rule in such 2. cases is thus stated in 2 Lewis, Eminent Domain (3d ed.) §785: "If the statute is so far silent upon the subject as to leave the matter open for judicial construction, then the proper judgment to be entered will depend upon the following consideration: If possession has already been taken of the property, either by consent or otherwise, * * * then a personal judgment with all its incidents may properly be entered. But, if the property has not been entered upon and can not be until compensation is made, and the effect of the proceeding is to fix a price at which the petitioner can take the property if it elects so to do, then a personal judgment is improper and should not be entered".

Now in the case before us the essence of the agreement was that the appraisers agreed upon by the parties and appointed by the court should fix the amount that appel- 3. lant should pay to appellee Cook for lands of his which it had taken and subjected to a use from which

such land could not be released, and that the amount fixed should be final and binding on both parties as the measure of appellee's damages. The judgment was proper and the agreement is amply broad and comprehensive enough to cover it. It was evidently the intention of the parties to settle the right of appellant in the lands of appellee and the compensation of the latter therefor finally in the lower court. The rule which obtains in a majority of jurisdictions is that a stipulation waiving the right to appeal is valid and binding and bars an appeal taken in violation of its terms. And objection to the appeal may properly be taken in the appellate court by a motion to dismiss based on the agreement. *Clark* v. *Goodwin* (1820), 1 Blackf. 74; *United States, etc., Co.* v. *Chaddock & Co.* (1909), 173 Fed. 577, 97 C. C. A. 527, 19 Ann. Cas. 1054, and note where the cases are fully collected; 2 Ency. Pl. and Pr. 173; 20 Ency. Pl. and Pr. 636; 2 R. C. L. 59; 2 Cyc. 643. The appeal is dismissed.

NOTE.—Reported in 107 N. E. 12. As to the damages or injuries for which compensation must be made in eminent domain proceedings, see 31 Am. Dec. 373; 88 Am. Dec. 113; 4 Am. St. 399; 9 Am. St. 144; 19 Am. St. 459; 22 Am. St. 50; 85 Am. St. 291. See, also, under (1) 15 Cyc. 904; (2) 15 Cyc. 920; (3) 15 Cyc. 946.