### BELL v. UNITED STATES.

### COLLURA v. SAME.

(Circuit Court of Appeals, Ninth Circuit. December 7, 1925.)

#### Nos. 4525, 4526.

1. **Criminal law ⬄394—Accused's objection to admission of evidence procured under void search warrant held proper procedure.**

Where accused's motion to suppress evidence procured by prohibition agent under void search warrant was denied, his objection to admission of testimony at trial was proper procedure.

2. **Searches and seizures ⬄3—Belief that article sought is concealed in dwelling is no justification for search without warrant.**

Belief, however well founded, that article sought is concealed in dwelling, is no justification for search without warrant, notwithstanding facts unquestionably show probable cause.

3. **Appeal and error ⬄167—Waiver of right of appeal must be supported by adequate consideration.**

Though party in civil action may waive right to appeal, waiver must be supported by adequate consideration.

4. **Criminal law ⬄1026—Husband's agreement not to appeal in consideration of court's promise not to imprison wife held invalid for duress.**

Where husband and wife were convicted on incompetent evidence obtained in unlawful search, husband's agreement to assume responsibility for offense and waive right to appeal, in consideration of court's promise not to imprison wife, was invalid for duress.

Gilbert, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

James Bell and Charles Collura were separately convicted of unlawfully manufacturing intoxicating liquor in violation of the National Prohibition Act, and they bring error. Reversed and remanded for new trials.

Wallace W. Davis, of Los Angeles, Cal., for plaintiffs in error.

Samuel W. McNabb, U. S. Atty., and J. Edwin Simpson and James E. Neville, Asst. U. S. Attys., all of Los Angeles, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction for the unlawful manufacture of intoxicating liquor in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

[1] Before the trial, the plaintiff in error interposed a motion to suppress certain evidence seized by a prohibition agent under a search warrant, on the ground that the warrant was illegal and void. The motion was denied and an exception allowed. Upon the trial, an objection to the testimony was interposed after the manner in which it had been obtained was disclosed, but the objection was overruled. The denial of the motion to suppress and the admission of the testimony over objection form the basis of the principal assignment of error. The course pursued by the plaintiff in error at the trial has the sanction of the Supreme Court in Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654.

[2] No attempt has been made to uphold the validity of the search warrant in this court, and it was confessedly void, because issued to search a private dwelling occupied as such without any proof that the dwelling was used for the unlawful sale of intoxicating liquor. The usual attempt is made, however, to justify the search on the ground that the officer had reasonable cause to believe that a crime was being committed in his presence. In answer to a similar contention in Temperani v. United States, 299 F. 365, this court said:

"The government, as we understand it, does not claim the right to search a private

dwelling or garage under the facts disclosed by this record, but an attempt is made to justify the conduct of the officers under the common-law or statutory rule permitting peace officers to make arrests for offenses committed within their presence. But here the offender was not in the presence of the officers; he was not in the garage, and they had no reason to suspect that he was there. Laying all pretense aside, the officers entered the garage, not to apprehend an offender for committing an offense within their presence, but to make a search of the premises to obtain tangible evidence to go before a jury, and, whatever necessity may exist for enforcing the National Prohibition Act or other laws, the violation of rights guaranteed by the Constitution cannot be tolerated or condoned. If present laws are deficient in not permitting the search, in a constitutional way, of homes where intoxicating liquor is known to be manufactured, the remedy is with Congress, not in subterfuge or evasion. For these reasons, the court should have kept from the jury all property found on the search and all evidence given by the officers concerning the same."

The decision in that case is cited with approval by the Supreme Court in the recent case of Agnello v. United States, 46 S. Ct. 4, 70 L. Ed. ——, decided October 12, 1925, the court saying:

"Belief, however well founded, that an article sought is concealed in a dwelling house, furnishes no justification for a search of that place without a warrant. And such searches are held unlawful, notwithstanding facts unquestionably showing probable cause."

There is no difference or distinction between this case and the Temperani Case. In each case the husband was absent when the raid was made. In the Temperani Case the raid was without a search warrant; in this case the raid was under a void search warrant. In the Temperani Case the husband alone was arrested; in this case both husband and wife were arrested. With these immaterial differences the two cases are in all respects the same.

[3, 4] The court below exacted from the plaintiff in error at the time of sentence an agreement to waive his right of appeal. That agreement is embodied in the judgment of the court, and is now urged by the government as a reason why this court should not consider the writ of error or reverse the judgment. A party may, no doubt, waive his right of appeal in a civil action, but even there the waiver must be supported by an adequate consideration. 3 C. J. 662; United States Consol. Seeded Raisin Co. v. Chaddock & Co., 173 F. 577, 97 C. C. A. 527, 19 Ann. Cas. 1054. Whether the right may be waived in advance of sentence in a criminal case we need not inquire, because we are satisfied that there was no valid waiver here.

As already stated, both husband and wife were found guilty by a jury on incompetent testimony, obtained through the wrongful invasion of their constitutional rights. Before sentence the court announced that it was the invariable rule of the court to pronounce jail sentences upon those convicted of selling or manufacturing intoxicating liquor, and that there would be no departure from the rule in this case, unless the plaintiff in error assumed responsibility for the crime and waived his right of appeal. If he chose the latter course, a nominal fine only would be imposed on the wife. To save his wife from imprisonment under the erroneous conviction, the plaintiff in error accepted the alternative imposed by the court and waived his right of appeal. Under such circumstances, it seems almost needless to say that the government can claim no benefit or advantage from either the assumption of responsibility on the part of the plaintiff in error or the waiver of his right of appeal. The duress imposed would invalidate a civil contract, and more especially would it invalidate an agreement to waive an important right accorded to one convicted of crime.

Had the plaintiff in error agreed to waive his right of appeal in consideration of the imposition of a fine against himself, or for some like lawful consideration moving to him, there might be force in the argument of the government; but an agreement exacted from him, having no other or further consideration than a promise on the part of the court not to imprison his wife under an illegal conviction, cannot be used against him for any purpose.

The judgment is reversed, and the cause is remanded for a new trial.

A similar order will be entered in Collura v. United States, No. 4526, submitted herewith.

GILBERT, Circuit Judge (dissenting). The question for decision in the Supreme Court in Agnello v. United States, 46 S. Ct. 4, 70 L. Ed. ——, was wholly different from that which is here involved. The sole inquiry there was whether or not an agent of the United States might, after arresting without

a warrant and searching the accused, also search without a warrant and at a distance from the place of the arrest the home of the person so arrested. The court, while holding that, except in certain cases, as incident to arrest there is no sanction for the search of a private dwelling without a warrant, affirmed a well-settled rule in saying: "The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made, in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, as well as the weapons and other things to effect an escape from custody, is not to be doubted."

The court went on incidentally to say that belief, however well founded, that an article sought is concealed in a dwelling house, furnishes no justification for a search of that place without a warrant, and in that connection cited, among other cases, Temperani v. United States (C. C. A.) 299 F. 365. But what was decided in the Temperani Case? It was, as stated in the syllabus, that the odors of fermentation incident to the manufacture of intoxicating liquors in a garage beneath a dwelling house do not justify the arrest of the offender as for an offense committed in the officers' presence, if the offender was not in the garage "and the officers had no reason to suspect his presence." With that proposition I am in full accord, and I cannot imagine that any will dispute it. But I maintain that officers always have reason to suspect the presence of the offender when the process of distillation on a large scale is in full operation. In the Temperani Case it appeared that, when the officers entered, the offender was temporarily absent. But distillation on a large scale and for commercial purposes was in progress. In the present case the indications of the commission of an offense were stronger than in the Temperani Case, for the officer "smelled the unmistakable odor of fermenting mash coming from the building," and he had seen cars enter and leave the premises at all hours of the day and night, and had received authentic information, and had every reason to believe, that liquor was being manufactured on the premises, and, as was the fact, that an operative was in charge of the process.

It will not be pretended that in the Agnello Case the Supreme Court meant to say that actual knowledge would not justify arrest without warrant, or that actual knowledge may not be acquired by the sense of hearing or sight, or, under possible circumstances, by the sense of smell. In Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, the Chief Justice said: "The usual rule is that a police officer may arrest without warrant one believed by the officer upon reasonable cause to have been guilty of a felony, and that he may only arrest without a warrant one guilty of a misdemeanor if committed in his presence." In United States v. Lindsly (D. C.) 7 F.(2d) 247, it was held that, where the officers saw barrels and other objects in the defendant's house before they entered the yard from the adjoining premises, and saw and smelled wine in the yard before they entered the premises, there was ample proof of the commission of an offense in their presence, which justified them in entering the premises without a warrant.

I still maintain that the owner of a distillery, in which intoxicating liquor is unlawfully manufactured on a large scale for commercial purposes, cannot, by making the distillery his dwelling place, or by constructing his dwelling above or adjacent to the distillery, claim for the latter the protection and immunity from search which the law accords to a dwelling house. In United States v. Goodwin (D. C.) 1 F.(2d) 36, Judge James well said: "While the manufacturing of liquor in such a dwelling is not specified as authorizing search of it to be made, there is every reason to place it in the class of 'business purposes' which will take away from a dwelling its exclusive private character. * * * The business of manufacturing liquor with a commercial end in view is inconsistent with dwelling purposes."

In United States v. Apple (D. C.) 1 F.(2d) 493, after affirming the right of federal officers to inspect and supervise distilleries, even if carried on in a dwelling house, and, upon perceiving the odor of distillation, to enter a dwelling and seize evidence of the unlawful manufacture of intoxicating liquor, Judge Bourquin said: "The provisions of said act forbidding search of private dwellings without a search warrant, and prohibiting search warrant unless the dwelling is being used for unlawful sale of intoxicating liquor, or unless in part used for some business purpose, have no application to the cases at bar. In so far as the instant premises were dwelling houses, they were used for the business purpose of distillation of spirits by distillers, and had been converted to distilleries and subjected to the aforesaid revenue laws. To contend otherwise is to impute to

Congress intent to encourage the infant industry of illicit family distilleries, to sanction the most pernicious evil of the day, and to undermine obedience to law, respect for government, and national morality."

I think the judgment should be affirmed.