ELSIE M. McBRIDE, PLAINTIFF-APPELLANT, v. DE COZEN MOTOR COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted January 28, 1927—Decided May 21, 1927.

**Bailment—Plaintiff Left Motor Vehicle in Defendant's Shop to be Washed—Defendant's Watchman, Upon Returning, Found Rear Door Open and Plaintiff's Car Gone—On Morning of That Day All Doors and Windows Were Locked and No Work was Done, it Being a Holiday—No Evidence That There Had Been a Forced Entry—Judgment For Defendant —Held, That There was a Prima Facie Case From Which Trial Judge Could Infer Negligence, but was Not Obliged to so Find—The Question was One of Fact, and No Appeal Will Lie From the Conclusion of the Trial Judge Sitting Without a Jury.**

On appeal from the Second District Court of the city of Newark.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the respondent, *John A. Bernhard.*

For the appellant, *Joseph C. Paul.*

PER CURIAM.

Judgment was rendered for the defendant by the judge of the Second District Court of Newark, sitting without a jury, and from that judgment the plaintiff appeals.

From the state of the case agreed upon it appears that the plaintiff, Elsie M. McBride, owned an automobile which on May 27th, 1925, she placed in the defendant's shop to be washed and adjusted. On the 30th of May, at seven o'clock in the evening, the defendant's watchman returned and found the rear door open and the plaintiff's car gone. This constituted the whole of the plaintiff's case.

The defendant proved that on the morning of May 30th, at seven o'clock, all the doors and windows were locked;

that no employes were working on that day and no business was transacted; that on the return of the defendant's watchman at five o'clock he found the back door open and the plaintiff's car missing; that he examined the doors and windows and found no evidence of a forced entry; that all the bolts and locks were in good condition; that the office manager checked the cars in the garage on the night of May 29th, and again on the night of the 30th, and that the only car missing was that of the plaintiff; that about a year and a half before the plaintiff was employed by the defendant as a bookkeeper.

The plaintiff then called one Kirby who testified that he went to the garage the third day after the theft and there was no evidence of a forced entry.

The judgment should be affirmed. The transaction constituted a bailment for mutual advantage and the failure of the defendant to return the car made a *prima facie* case from which the trial judge could infer negligence. *Kittay* v. *Cordasco,* 4 *N. J. Adv. R.* 1631. He was, however, not obliged to so find. *Hughes* v. *Atlantic City Railroad Co.,* 85 *N. J. L.* 212. The question presented was one of fact and from the conclusion of the trial judge no appeal will lie.

The judgment will be affirmed.