STATE OF INDIANA *v.* FLAMME, ET AL.

[No. 27,395.   Filed May 1, 1940.]

*Omer S. Jackson,* Attorney General, *A. J. Stevenson,* Assistant Attorney General, and *Thomas Longfellow,* Deputy Attorney General, for appellant.

*E. Miles Norton,* of Crown Point; *McHale, Arthur & Myers* and *Herbert J. Patrick,* all of Indianapolis, for appellees.

SHAKE, C. J.—In 1931, the State of Indiana, acting through its Highway Commission, instituted an action against the appellees in the Lake Circuit Court to condemn a parcel of land belonging to the appellees for highway purposes. Appraisers were appointed, who fixed the appellees' damages at $381. The appellees filed objections and exceptions; there was a trial, resulting in a judgment in the usual form against the state for $2,600, entered on the 7th day of April, 1933. This appeal is from the Marion Superior Court, General Term, constituting the Court of Claims, pursuant to § 4-1501, Burns' 1933, § 1617, Baldwin's 1934. The action was on the judgment rendered by the Lake Circuit Court. The state answered the complaint in a single affirmative paragraph, in which it was alleged that it

did not pay the judgment rendered against it by the Lake Circuit Court within one year after its rendition; that it did not take possession of the land condemned in that proceeding within five years after said proceeding was had and begun; and that it has never in any way exercised any control over said land, nor appropriated it for its own use. It was further alleged that the appellees have been at all times in complete, peaceable, and open possession of said land; that the state has never disturbed their possession; and that it has waived and abandoned, and does waive and abandon, any and all right, title, and interest it may have in said property. There was a demurrer to the answer on the ground that it did not state facts sufficient to constitute a defense to the complaint. The trial court sustained the demurrer and the state refused to plead further. Evidence was then heard and judgment rendered against the state for the sum of $2,600. The only error presented for our consideration is the action of the trial court in sustaining the appellant's demurrer to the affirmative answer. The condemnation proceeding in the Lake Circuit Court was had pursuant to the general eminent domain statute, which provides:

"Should the person, corporation or other body seeking such appropriation fail to pay the damages assessed within one (1) year after the report of the appraisers is filed, in case no exceptions are filed thereto, or where exceptions are filed to the report of the appraisers, shall fail to pay the damages assessed if judgment is rendered against such exceptions, or to pay the judgment and costs in case such exceptions are sustained, within one (1) year after the rendition of any such judgment, provided such judgment is not appealed from; or in case of such appeal, shall fail to pay the damages assessed or the judgment rendered in the circuit or superior court, within one (1) year after final judgment of affirmance or reversal is rendered

in the Supreme or Appellate Court; or shall fail to take possession of such land and adapt it to the use for which it was appropriated within five (5) years after the payment of the award or judgment for damages, except where a fee simple is authorized to be condemned and appropriated and is condemned and appropriated, such person, corporation or other body seeking such appropriation, in either of such cases, shall forfeit all rights in and to such real estate or other property as fully and completely as though no such appropriation or condemnation had been begun or made. An action to declare such forfeiture may be brought by any person having an interest in the real estate or other property sought to be appropriated, or the question of such forfeiture may be raised and determined by direct allegation in any subsequent proceedings by any other person, corporation or other body to condemn and appropriate such property for a public use, to which subsequent proceedings, the said person, corporation or other body seeking the former condemnation or appropriation, or their proper representatives, successors or assigns shall be made parties." § 3-1710, Burns' 1933, § 14070, Baldwin's 1934.

The above statute is predicated upon § 21, Article 1, of the Constitution of Indiana, which is in part as follows:

" . . . No man's property shall be taken by law, without just compensation; nor, except in case of the State, without such compensation first assessed and tendered."

The appellant contends that under the facts disclosed by its answer, the appellees' property was not "taken" within the meaning of the provision of the State Constitution quoted above; that the judgment of the Lake Circuit Court merely fixed the amount of the damages to be paid by the state if the property were taken; and that having failed to pay the damages assessed by the court within one year, the state's right to take the land

was forfeited by operation of law, under a proper interpretation of the above statute. The appellees assert, on the other hand, that the appellant's answer shows that appellees' property was taken by virtue of the judgment of the Lake Circuit Court; that the forfeiture provided for in the statute is for the sole benefit of the party whose property is sought to be acquired, to afford him a remedy to clear the cloud that may be cast on his title by an unperfected condemnation proceeding; and that the present action is an unauthorized collateral attack upon the former judgment. The proposition presented by this appeal is therefore this: May the state, after prosecuting a condemnation suit to judgment, abandon the proceeding without being liable for the payment of the damages assessed? This question does not appear to have been directly considered by the courts of this state, although the subject has been approached in a number of decisions, some of which will be hereinafter noted. The courts of other jurisdictions are not in accord as to what is the proper rule. See, Annotation, 121 A. L. R. 12.

The appellees have significantly pointed out that if the state, or any other agency possessing the power of eminent domain, may abandon a proceeding of this character after the damages have been fixed and determined by a court of competent jurisdiction and reduced to a final judgment, there is nothing in the statute to prevent the condemnor from claiming what would amount to a succession of new trials as of right until an acceptable award is obtained, or the property owner is exhausted by the uncertainty, annoyance, and expense of litigation and deprived of his property without just compensation. Appellant asserts, with equal fervor, that if the state or other agency is to be bound by the judgment fixing the damages without

the privilege of abandoning the enterprise for which the land was desired, it may be placed in the position of a forced purchaser, under such circumstances that after acquiring the land it may have no use of it because the cost thereof will so deplete the fund to be expended for the proposed improvement as to render it impossible. Impressive as these arguments are, it seems clear to us that the correct answer to the problem must be based upon more fundamental considerations. The power of eminent domain is an attribute of sovereignty and inures in every independent state. It is superior to all property rights and extends to all property within the state. *Southern Indiana Gas & Elec. Co.* v. *City of Boonville* (1939), 215 Ind. 552, 20 N. E. (2d) 648.

In this state the exercise of the right of eminent domain is prescribed by the Constitution and regulated by statute. In every form of procedure for appropriating land for public use, there must be a point where the right of the condemning party to abandon the proceeding is lost and the right of the owner of the land to compensation becomes vested. 18 Am. Jur., Eminent Domain, § 370. The rights of the parties to a condemnation proceeding are correlative and reciprocal; the existence of one depending upon the other. *Sowers* v. *Cincinnati, etc., Railroad* (1904), 162 Ind. 676, 71 N. E. 134. So, in the case at bar, the appellees cannot be said to have acquired any vested interest in the judgment of the Lake Circuit Court unless the state obtained a corresponding vested interest in the land sought to be condemned. In a majority of the jurisdictions the taking is not regarded as complete until the compensation fixed has been paid or secured, or the condemnor has taken actual possession of the land, and until that time the proceeding may be abandoned or discontinued, notwithstanding the

award has been confirmed or judgment entered. 20 C. J., p. 1082, Eminent Domain, § 458. This rule seems to rest upon sound principles of public policy. In *State* v. *Patten* (1936), 209 Ind. 482, 489, 199 N. E. 577, it was observed:

> "A man of prudence generally relinquishes a project when he finds the cost greatly out of proportion to its benefits, and in the interest of the public this rule would apply to the agents of the State."

And in *Sowers* v. *Cincinnati, etc., Railroad, supra,* this court, quoting from Dillon, Mun. Corp. (4th Ed.), § 608, said (162 Ind. 682):

> " 'Until the assessment of damages have been made, the amount cannot be known; and, on the whole, it is reasonable that after having ascertained the expense of the project, the (condemning) corporation should have a discretion to go on with it or not, as it sees fit, it being liable in proper cases in damages for any wrongful acts injurious to the owner.' "

Viewing the situation from the standpoint of the broad principles of the law governing the powers of eminent domain, we have no difficulty in subscribing to the doctrine that, in the absence of a statute, a judgment fixing the value of the property does not obligate the condemnor to acquire it.

The contention of the appellees must fail, therefore, unless the peculiar provisions of our Constitution and eminent domain statute require us to reach a conclusion different from that suggested by the general principles. We have already quoted the pertinent provisions of the Constitution and statute. The former authorizes the state to take private property prior to the assessment and tender of compensation, but the effectiveness of the right is dependent upon

the existence of appropriate legislation. The appellant contends that the provision of the statute with reference to the payment of the judgment within one year after its rendition is positive and self-executing, and that if payment is not so made the condemnor finds itself in the same position "as though no'such appropriation or condemnation had been begun or made." We are of the opinion that such is the correct interpretation of the statute. Support for this view is found in the case of *Howard* v. *Illinois Central R. Co.* (1933), 64 Fed. (2d) 267, 271, decided by the United States Circuit Court of Appeals, 7th Circuit, where it was said:

> "The statute of Indiana (referring to the provisions of the act here under consideration) in effect gives the. condemner one year after the rendition of final judgment within which to decide whether it will take the land and pay the damages assessed."

Appellees have called our attention to a number of cases holding that a condemnation proceeding may be abandoned at any time before judgment. These authorities do not sustain the proposition that there may not be a discontinuance after judgment, and they are not in conflict with the conclusion here reached.

It does not appear to be important that the state may attempt to abuse its privileges by resorting to a succession of condemnation proceedings with a view of acquiring the appellees' property at its own price, or harrassing them into involuntary submission. There is ample authority for the intervention of courts of equity to prevent such abuses. *Northern Pacific R. Co.* v. *Georgetown* (1908), 50 Wash. 580, 97 Pac. 659; *Central of Georgia R. Co.* v. *Thomas* (1928), 167 Ga. 110, 144 S. E. 739; *East Bay Municipal Utility Dist.* v. *Kieffer* (1929), 99 Cal. App. 240, 278 Pac. 476, 279 Pac. 178.

In an eminent domain proceeding it is the general rule, in the absence of statutory regulation on the subject, that where possession of the property has already been taken a personal judgment for damages is proper; but improper where there has been no entry and the effect of the proceeding is merely to fix the price at which the petitioner may take the property if it elects to do so. *Southern Ind. Power Co.* v. *Cook* (1914), 182 Ind. 505, 107 N. E. 12. The state had not entered upon appellees' property according to the allegations of the answer admitted by the demurrer. This being true, the judgment should have determined the value of appellees' property for the purposes of the condemnation proceedings. Instead, it is in the usual form of a personal judgment. There was no motion to modify, nor was there any appeal. On this state of the record, the appellees urge that the appellant is bound by the terms of the judgment. This is true, but in determining the scope, quality, and effect of the judgment we are not restricted to its formal recitals, but may look to the pleadings and the issues formed thereon in the action from which the judgment resulted. Thus in an early case, it was held that in construing a judgment in general terms the court would look behind it to the record to ascertain the character of the obligation sued on for the purpose of determining whether an execution sale to satisfy the judgment was subject to the appraisement laws. *Rawley* v. *Hooker* (1863), 21 Ind. 144. In the case at bar a cursory examination of the record would disclose that the judgment of the Lake Circuit Court relied on by the appellees was entered in an action brought under the eminent domain statute, and that the state had not actually taken possession of the land sought to be condemned. These facts are recited in the appellant's

answer and admitted by the demurrer thereto. In legal effect, therefore, the judgment was a determination of the damages which would have been suffered by the appellees had the state taken their land, and it cannot be regarded as a personal judgment. We conclude that the trial court erred.

The judgment is reversed, and the Marion Superior Court, General Term, constituting the Court of Claims, is directed to overrule the demurrer of the appellees to the appellant's second amended answer.

NOTE.—Reported in 26 N. E. (2d) 917.