**SPEETH, Plaintiff-Appellee, v FIELDS et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County

No. 20462—Decided July 22, 1946

48

Don F. Mills, Cleveland, for Plaintiff-Appellee.
Davis & Davis, Cleveland, for Defendant-Appellant.

## OPINION

PER CURIAM:

The admitted facts presented on the motion to dismiss the appeal in the instant case, disclose that upon the hearing of the cause on its merits in the Municipal Court of Cleveland, the parties agreed that an entry finding the rights of the property in the plaintiff should be made and in consideration for an extension of time in which a writ of restitution should be issued from the time ordinarily granted by the court to a period of three months, the defendants agreed that for such extension they would waive the right of appeal or the right to further press for an extension of time before the writ of restitution should issue. Under these undisputed set of facts the proper remedy to procure the dismissal of an appeal filed in violation of such an agreement, is by motion.

In the case of Southern Indiana Power Co. vs. Cook, 182 Ind. 505, the court in discussing the question of waiver of appeal by agreement said in the 4th paragraph of the syllabus:

"A stipulation waiving the right of appeal is valid and binding and where an appeal is taken in violation of such agreement, objection may be properly taken by a motion to dismiss."

And on page 510, the court said:

"The rule which obtains in a majority of jurisdictions is that a stipulation waiving the right to appeal is valid and binding and bars an appeal taken in violation of its terms. And objection to the appeal may properly be taken in the appellate court by a motion to dismiss based on the agreement. Clark v. Goodwin, (1820) 1 Blackf. 74; United States etc. Co. vs

Chaddock & Co. (1909) 173 Fed. 577, 97 C. C. A. 527; 19 Ann. Cases 1054 and note where the cases are fully collected; 2 Ency. Pl. and Pr. 173; 20 Ency. Pl. and Pr. 636; 2 R. C. L. 59; 2 Cyc. 643."

See also: Harmina v. Shay, 137 Atl. 558 (Court of Errors and Appeals of New Jersey, May 16, 1927). 3rd paragraph of the syllabus provides:

"Such agreements" (referring to agreements to waive the right to appeal) "are upheld on the ground of public policy in encouraging litigants to accept, as final, decisions of courts or original jurisdiction."

Referring again to U. S. Consol. Seeded Raisin Co. vs. Chaddock & Co. 173 Fed. Rep. 577, parag. 1 of the syllabus provides:

"A stipulation by the parties to a suit that no appeal shall be taken from the decree of the trial court, if based on a valid and legal consideration, will be enforced by the appellate court and an appeal if taken, dismissed."

See also: McKain v. Mullen, 29 L. R. A. (n. s.) 1.