TOWN OF PENDLETON v. POOR ET AL.

[No. 30,156. Filed June 13, 1963.]

*Lawrence Booram,* of Anderson, for appellant.

*Al S. Woolbert, James M. Sansberry,* both of Anderson and *G. Douglass Owens,* of Pendleton, for appellees.

JACKSON, J.—Appellant instituted its action against the appellees for the condemnation of 1.70 acres of real estate to permit the improvement and expansion of the town's sewage treatment plant.

The issues were formed upon the complaint and the supplemental complaint of appellant, which alleged that for the purpose of improving the town's sewage disposal plant and constructing additional sludge drying beds, it was necessary to appropriate 1.70 acres out of a tract of 5.27 acres belonging to the appellees, Randolph H. Poor and Harriett M. Poor, which was encumbered by a mortgage to the appellee, Anderson Loan Association; and that prior to the bringing of the action appellant had been unable to reach an agreement with the appellee as to the purchase price or the damages, if any, to be sustained.

The appellee, Anderson Loan Association, filed its answer thereto setting up the lien of its mortgage, and asking that any award of damages be applied first to the balance of principal and interest due and payable thereunder.

The court then appointed appraisers, to assess and appraise the damages resulting to each of the appellees, who then made and returned in due course their report of damages as follows: (1) the fair market value of the land sought to be appropriated to be $1,500; (2) the fair market value of all improvements on the tract

sought to be appropriated as "none"; (3) the damages to the residue of the land of the appellees, caused by taking out the part sought to be appropriated, as "none"; (4) and that no other damages would result to any person or corporation from the construction of the improvements in the manner proposed.

The appellees, Randolph H. Poor and Harriett M. Poor, filed exceptions to the appraisers' report, alleging that the fair market value of the land sought to be appropriated, and the resulting damages to the residue of their land, would be $6,500, and they further requested that the issue of damages be tried by a jury.

The appellant paid into court the amount of the appraisers' report, to-wit: $1,500.

Trial was had by jury, which returned a verdict for the appellee in the sum of $4,500.

Following the verdict, and prior to the rendition of any judgment thereon, appellant filed its motion to dismiss the eminent domain proceedings, and have returned to it the $1,500 paid into court. Proof was adduced that appellant had never exercised possession of the lands of the appellees sought to be appropriated, or any part thereof, and that it did not intend to exercise any possession whatsoever. The motion to dismiss was further supported by proof of the adoption of a resolution by the Board of Trustees of the appellant, Town of Pendleton, that it was not justified in the expenditure of $4,500 of public funds to acquire the 1.70 acres of unimproved real estate of the appellees; and that the proposed plans for the improvements and expansion of the town's sewage treatment plant which would require that acreage, be in all things abandoned; and that the Clerk-Treasurer draw a warrant in payment of all costs in the proceedings.

The court fixed the amount of the appraisers' fees, whereupon the appellant promptly paid those fees and the amount of all court costs into the office of the Clerk.

After payment by appellant of all fees and costs, the court overruled appellant's motion to dismiss the eminent domain proceedings and entered judgment for the appellees on the verdict of the jury.

The judgment rendered herein reads, in pertinent part, as follows:

> "Comes now the Court and now enters judgment on the verdict of the jury. Court orders costs assessed against the plaintiff.
>
> "IT IS THEREFORE ORDERED, ADJUDGED AND DECRRED (sic) BY THE COURT that the Court now enters judgment on the verdict of the jury, and the plaintiff be and it is hereby ordered to pay the costs of this action herein laid out and expended, taxed at $————.
>
> "ALL OF WHICH IS FULLY AND FINALLY ADJUDGED AND DECREED BY THE COURT."

Appellant's assignment of error contains three specifications, viz;

> "1. The court erred in overruling Appellant's motion to dismiss the eminent domain proceedings.
>
> "2. The Court was without jursidiction to render judgment in the cause, except in the matter of taxing costs.
>
> "3. The judgment rendered in the cause is void."

Of these we need, and do, consider only specifications numbered one and three. Specification one raises the question as to the right of the condemnor to dismiss its cause of action after the return of the verdict without being liable for the pay-

ment of the damages assessed. These questions were discussed at length in the case of *State* v. *Flamme* (1940), 217 Ind. 149, 26 N. E. 2d 917.

The appeal in the above cited case was from the sustaining of a demurrer to the appellant's affirmative answer. The answer alleged that appellant " . . . did not pay the judgment rendered against it by the Lake Circuit Court within one year after its rendition; that it did not take possession of the land condemned in that proceeding within five years after said proceedings was had and begun; and that it has never in any way exercised any control over said land, nor appropriated it for its own use . . . ." *State* v. *Flamme* (1940), 217 Ind. 149, 152, 26 N. E. 2d 917.

In the interest of brevity we do not set out the remainder of the opinion, but the case discusses, cites authority and resolves the very issues here for determination, either directly or by implication.

Inferentially, if the State, or other condemnor may, by mere inaction, avoid taking the property originally sought to be acquired, then it logically follows that the condemnor can by positive action, such as was taken in this case, waive the lapse of time and abandon its action and permit the condemnee to immediately make such use of the premises as it sees fit, without having to await the passage of time allowed by the statute before the condemnor forfeited its right to take the property.

Specification number three, in view of the decision reached herein need not be discussed as the judgment complained of is in the form of a personal judgment, does not contain a description of the real estate sought to be appropriated and hence, under the circumstances here delineated, is insufficient.

*Southern Ind. Power Co.* v. *Cook* (1914), 182 Ind. 505, 509, 107 N. E. 12.

The cause is reversed and remanded to the trial court with instructions to sustain the motion to dismiss, and for such further action as is consistent with this opinion.

Myers, C. J., Achor, Arterburn and Landis, JJ., concur.

NOTE.—Reported in 191 N. E. 2d 3.