C. J. STEVENS ET AL., APPELLEES, V. HORACE A. BURNHAM ET AL., APPELLANTS.

FILED OCTOBER 16, 1901. No. 10,206.

1. **Mechanic's Lien: TENANT: LANDLORD.** A tenant can not, without the authority or consent of his landlord, charge the leased premises with a lien. for material used in the construction of a building thereon.

2. ———: ———: **AGRICULTURAL FIXTURE: EVIDENCE.** In the absence of evidence showing that such building was not permanently annexed to the soil, or that it was intended as a mere agricultural fixture, it can not be treated as the tenant's property and subjected to a lien in favor of the person furnishing the materials used in its construction.

3. **Trade Fixture: RIGHT OF REMOVAL.** The right of a tenant, or of those claiming through or under him, to remove a trade or agricultural fixture from the leased premises, expires with the tenancy.

APPEAL from the district court for Custer county. Heard below before WESTOVER, J. *Reversed.*

*Kirkpatrick & Hager,* for appellants.

*Augustus R. Humphrey, contra.*

SULLIVAN, J.

There has been in this court no attempt to defend the judgment appealed from, and it seems to us to be indefensible. The action was brought to foreclose a mechanic's lien upon a quarter section of land in Custer county. The asserted right to a lien is based upon a sale of lumber which was used in the construction of a barn. The lumber was bought and the barn built by Horace A. Burnham in

1893 while he was living upon and farming the land. The appellants, S. H. Burnham and S. W. Burnham, contend that they are the legal and equitable owners of the farm and deny that they gave any authority for the purchase of the lumber or the erection of the barn. The evidence fully sustained this contention and the trial court, there-fore, refused to give the plaintiffs a lien on the land. It did, however, give them a lien on the barn on the theory, we suppose, that it was a removable fixture. There are two reasons why the decree can not stand. In the first place there is not a particle of evidence tending to prove that the barn was not permanently annexed to the soil, or that it was intended to be a mere agricultural fixture. But even if it were a removable structure, the right to remove it did not survive the tenancy of Horace A. Burnham. The right to sever and remove perished when the tenancy expired. Such is the import of our decisions. *Friedlander v. Ryder*, 30 Nebr., 783; *Free v. Stuart*, 39 Nebr., 220; *Fuller v. Brownell*, 48 Nebr., 145.

The judgment is reversed and the action dismissed.

REVERSED AND DISMISSED.