WILLIAM FENIMORE, APPELLANT, V. EMERY WHITE, APPELLEE.

FILED MARCH 7, 1907. No. 14,667.

1. Landlord and Tenant: DECREE FOR POSSESSION: REMOVAL OF FIXTURES. In a proper proceeding it was found that the plaintiff was entitled to the immediate possession of certain premises held by the defendant; that the defendant held the same as tenant of the plaintiff; and that during his tenancy the defendant had erected certain fixtures on the premises of the

value of a certain sum. A decree was entered which provided that, in case the defendant should fail for 20 days to surrender possession, a writ of ouster should issue; that within that time the plaintiff should have the option to pay the defendant the value of the fixtures as found by the court, and that upon his failure to do so the defendant might remove them within 20 days thereafter, and within 40 days from the date of the decree. *Held:* (1) That the fixing of the time for the removal of the fixtures was not intended to abridge the right of the defendant to remove the fixtures at any time while he was in possession, but to extend his right to remove them in case he surrendered possession within the time fixed by the decree for the surrender thereof. (2) That the defendant's right to remove the fixtures continued so long as he remained in possession of the premises.

2. Attorney and Client: UNAUTHORIZED ACTS: RATIFICATION. Evidence examined, and *held* to show a ratification by the client of an alleged unauthorized agreement made by his attorney.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*H. M. Sullivan,* for appellant.

*N. T. Gadd* and *C. L. Gutterson, contra.*

ALBERT, C.

On the 16th day of January, 1896, Emery White, whom we shall call the defendant, was the owner of certain real estate in Custer county, and on the same day conveyed the same by warranty deed to Joseph Fenimore, the plaintiff. At the time of the conveyance the parties entered into a separate agreement in writing, whereby the defendant was given the privilege of redeeming from the said sale upon the payment of a specified sum within two years. The agreement further provided that the defendant should have free possession for the year 1896, but on the first day of March, 1897, was to surrender possession to the plaintiff, who should give the defendant the preference in case the premises were leased after that time. On the 8th day of March, 1897, the plaintiff leased the premises to the defendant for a term ending on the first day of March, 1898,

for a share rent. By subsequent leases the defendant held the premises until the first day of March, 1903. At that date a lease, made on the 23d day of January of the same year, went into effect, whereby the defendant was to hold the premises for another term of one year, rendering a share rent. The last lease contained a provision that at the expiration of the term the plaintiff would either pay the defendant the value for such improvements as he placed on the land or the defendant should have the privilege of removing the same. At the expiration of the last lease the defendant, although he had failed to pay any portion of the amount required to redeem, refused to surrender possession, claiming an equitable estate in the land under and by virtue of the agreement giving him the right to redeem from the sale. The plaintiff then brought suit to cancel and annul that agreement, to quiet his title, and recover possession of the premises. The court found generally in favor of the plaintiff, that he was entitled to the immediate possession of the premises, that the value of the improvements placed on the land by the defendant was $179.50, and on the 29th day of June, 1904, entered a decree requiring the defendant to surrender possession within 20 days from the date of the decree, and providing, upon his failure to do so, a writ should issue to place the plaintiff in possession of the premises. The decree further provided that the plaintiff might, within 20 days from the date thereof, pay the defendant the sum of $179.50, the value of the improvements as found by the court, and that in case he failed to do so the defendant, within 20 days thereafter or within 40 days from the date of the decree, might remove such improvements. Within 20 days from the date of the decree the defendant filed a supersedeas, intending, it is claimed, to appeal from the decree to this court. In December following the decree, the defendant, who was still in possession, commenced negotiations with the plaintiff's attorney looking toward an adjustment or settlement of the litigation. These negotiations resulted in an agreement between the defendant and the plaintiff's

attorney to the effect that the defendant should abandon his intention to appeal, and pay certain portions of the costs, and also pay the sum of $200 for the use of the premises subsequent to the decree. At the same time the attorney gave the defendant a writing to the effect that no writ for the enforcement of the decree should issue before the 1st day of February, 1905, and, in the event possession of the premises was not required for another tenant, before the first day of March, 1905, that the issuance of the writ should be withheld until that date. About the first day of March, 1905, the defendant commenced to remove his effects, intending also to remove the improvements in the nature of fixtures which he had placed upon the premises, whereupon the plaintiff brought the present suit against the defendant to recover for the use and occupation of the premises subsequent to the decree, and to restrain him from removing the improvements. A temporary injunction was allowed. A trial to the court resulted in a general finding for the defendant, and a dismissal of the complaint. The plaintiff appeals.

The plaintiff takes the position that the defendant, having failed to remove the improvements within the time fixed by the decree, has forfeited his right thereto. We do not think that position is tenable. In the first suit the court found that the defendant held as tenant of the plaintiff and was entitled to certain fixtures. The decree provided for a writ of ouster at the expiration of 20 days, but allowed the defendant an additional 20 days to remove the fixtures. Had no time been set for the removal of the fixtures, he would have been entitled to remove them at any time while he was in possession, as he would have been in the position of a tenant holding over the term. The rule in such case, according to the weight of authority, is that the tenant has the right to remove the fixtures at any time before he yields possession, even though he holds over without permission of the landlord. *Penton v. Robart,* 2 East (Eng), 88; *Watriss v. First Nat. Bank,* 124 Mass. 571; *Lewis v. Ocean Navigation & Pier*

*Co.,* 125 N. Y. 341; *Brown v. Reno E. L. & P. Co.,* 55 Fed. 229. In the last case the court held that the tenant, on being evicted on summary proceedings on account of holding over, was entitled to take the fixtures with him. Cases to the contrary may be found, but we think those cited are better grounded on reason and justice. But he is not entitled to remove them after he has surrendered possession. *Free v. Stuart,* 39 Neb. 220. With the foregoing rules in mind, it is clear that it was not the purpose of the decree to abridge the defendant's right to remove the fixtures at any time before yielding possession, but to relieve him from the operation of the rule forbidding their removal after he had vacated the premises by extending the right to remove them 20 days after the time at which, by the terms of the decree, the defendant was required to vacate. That portion of the decree would have become operative, had the defendant vacated the premises within 40 days, but, as he did not, his right to remove the fixtures continued so long as he remained in possession. He was in possession when the temporary injunction restraining the removal of the fixtures issued. As his right to remove the fixtures was coextensive with his possession, he had not lost or forfeited it when this suit was commenced, and a permanent injunction forbidding the exercise of such right was properly denied.

The plaintiff further contends that he was entitled to a judgment in some amount for the use and occupancy of the land subsequent to the entry of the first decree. The answer to that is that the evidence is clear and unequivocal that before this suit was brought the defendant made a settlement with the plaintiff's attorney and paid him $200 in full satisfaction of the claim for use and occupation. It is now claimed that the attorney had no authority to make this settlement. What his authority may have been when he effected the settlement is not very clear, but it is conclusively established that he received the money, and that it was paid over to his client, the plaintiff in this case, who never made any objection to the settlement until

almost a month after he had received the money, and has never returned nor offered to return it. It seems to us that this is sufficient to show a ratification of the acts of his attorney.

It is recommended that the decree of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.