## WORTHINGTON v. OSBORNE.

### Opinion delivered October 20, 1919.

1. APPEALS—WAIVER OF RIGHT TO APPEAL.—A stipulation waiving the right of appeal is valid and binding, and where properly pleaded will constitute a bar to an appeal taken in violation of the terms thereof.

2. APPEALS—AGREEMENT NOT TO PROSECUTE—CONSIDERATION.—In an action pending before a justice, the defendant sought a continuance. At the suggestion of the justice the parties were granted the continuance upon executing a stipulation that they agreed to submit the controversy to the justice, abide his judgment, and would not appeal. *Held*, the agreement was valid and binding.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*J. D. DeBois* and *Avery M. Blount,* for appellant.

The court erred in dismissing the appeal, as the transcript and all the papers showed that the appeal was duly taken in time on the statutory affidavit made within the 30 days. Art. 7, sec. 14, Const. 1874; Kirby's Digest, § ........., p. 70. The Legislature can not enlarge or abridge the Constitution. 48 Ark. 82. And a justice of the peace can not abridge the constitutional right of appeal by contract or demand. Kirby's Digest, § § 4672-4665; 95 Ark. 552; 25 Ark. 487; 46 *Id.* 420.

A share cropper has no right to possession of the crop until his part is set out to him. 43 Ark. 284. Appellant was in the lawful possession of the crop and had the right to retain it. Replevin was not the remedy to enforce a division. 39 Ark. 442. The cause should be dismissed at cost of appellee, being improperly brought.

*John E. Miller* and *C. E. Yingling,* for appellee.

The court correctly dismissed the appeal, as the parties voluntarily bound themselves to abide by the judgment and that appeal should be taken. 173 Fed. 577; 19 Ann. Cases, 1054, 1056. A stipulation waiving an appeal is binding. 19 Ann. Cases, 1056; 20 Ark. 150; 2 R. C. L., p. 59, § 39; 28 Ark. 519; 42 Am. St. 200 and note, p. 208; 2 R. C. L., pp. 386-7, § 32.

WOOD, J.    This is an action instituted by the appellee against the appellant, before a justice of the peace of Cadron Township, in White County, to recover the possession of certain cotton.

A change of venue was had, first to Justice of Peace J. E. Shelby and later, on motion, was transferred to J. B. West, the justice of peace of Gravel Hill Township. By consent of parties the cause was set for hearing December 12, 1918.    Osborne and his attorney were present that day ready for trial.    The Worthington's attorney was not present.    It was a rainy day.    Worthington moved to continue until another day, giving as his reason that his attorney was not present to represent him in the case.    Whereupon, according to the testimony of Worthington, the justice of the peace announced that he would grant the continuance if he (Worthington) would agree not to appeal the case and abide the decision of the court. After some hesitation, Worthington agreed and entered into the following agreement:

"We, John W. Osborn, on my part, plaintiff, and G. S. Worthington, defendant, hereby contract and agree and bind ourselves in open court to continue this case to the 18th day of December, 1918, and to submit this cause to the court.    Plaintiff to be represented by H. A. Midyett and defendant to be represented by Avery Blount. And we bind ourselves to perform the judgment of the court and not to pray an appeal or cause any further delays in any way, in consideration of all our differences between us.

"This December 12, 1918.

"In case of sickness of either or both attorneys, they are to be substituted.

"John W. Osborn.

"George S. Worthington.

"Subscribed and sworn to before me this December 12, 1918.

"James B. West, J. P."

After the above agreement was entered into by the parties the cause was continued and set for December

18, 1918. On that day the parties were present in person and by their respective attorneys.

The case was by consent tried before the court, the evidence was adduced and the court rendered judgment in favor of Osborn, from which judgment Worthington duly appealed to the circuit court. In the circuit court Osborn moved to dismiss the appeal. The court heard testimony on the motion which developed substantially the above facts.

The testimony of Worthington showed that the suggestion came from the justice of peace to the effect that he would continue the cause only on condition that he, Worthington, would agree to abide by the decision.

The testimony of the constable, who was present at the time the agreement was entered into, was to the effect that the parties agreed to settle the case on its merits; that Worthington did not have a representative there and the court thought it would throw extra cost on some one else if continued to another day, and because of the further fact that it would then be appealed to the circuit court, was unwilling to grant the continuance. Thereupon the parties entered into the agreement. Witness did not know of any undue influence exercised by Osborn or any one in his behalf.

The court entered judgment dismissing the appeal from the justice court and from the judgment of the circuit court is this appeal.

The testimony is not sufficient to warrant a finding that the appellant Worthington was under any duress or that any fraud was practiced upon him either by the justice of peace or the appellee when he signed the agreement with the appellee to abide the decision of the justice. This agreement, therefore, was a voluntary waiver of his right to appeal.

The testimony discloses that the purpose of this agreement was to avoid the costs incident to the further delays and further prosecution of the suit before the justice and to the appellate courts. The agreement was thus founded upon mutual promises of the parties which was of equal benefit to each of them.

In a case note to *U. S. Consolidated Seeded Raisin Co.* v. *Chaddock & Co.,* 19 Ann. Cas., p. 1056, it is stated: "The rule obtaining in a majority of jurisdictions is that a stipulation waiving the right of appeal is valid and binding and when properly pleaded will constitute a bar to an appeal taken in violation of the terms thereof.

Among the numerous cases cited to sustain the rule stated in the above case is that of *Lyon* v. *Sanders,* 3 Green (Iowa), 332, which is similar to the case at bar. There the court said: "Because a party has a right to appeal it does not therefore follow that he must appeal or that he can not waive his right." See also 2 R. C. L., p. 59, sec. 39, and cases cited.

The judgment is correct, and is, therefore, affirmed.