ANDREW P. MORAN, APPELLANT, V. OTOE COUNTY NATIONAL BANK ET AL., APPELLEES.

ANDREW P. MORAN, APPELLANT, V. JOHN D. STOCKER, APPELLEE.

FILED APRIL 26, 1927. No. 25729.

1. **Fixtures: REMOVAL.** Where fixtures are erected upon and attached to leased real property, by a tenant or other person rightfully there, for a specific use connected with the occupancy during the leasehold term, and without any contrary agreement, express or implied, they may be removed by the tenant, or by those lawfully claiming under him, or by another rightfully there, during the term of the tenancy, provided the severance can be accomplished without injury to the landlord's freehold.

2. ————: ————. The owner of the real estate, from which the assignee of a·valid chattel mortgage executed by a tenant or by one rightfully in occupancy, covering movable fixtures placed on said real estate, seeks to remove such fixtures after taking possession of them for the purpose of foreclosing his chattel mortgage, cannot interpose objections that may be made only by the mortgagor at the time of the foreclosure, when the owner

of the real estate has no legal or equitable interest in such chattels and the mortgagor has consented to the removal.

3. Affirmance. On a trial *de novo*, *held* that the decree of the district court was right.

APPEAL from the district court for Otoe county: JAMES T. BEGLEY, JUDGE. *Affirmed.*

*D. W. Livingston,* for appellant.

*Pitzer & Tyler, contra.*

Heard before GOSS, C. J., ROSE, DAY, GOOD, EBERLY and THOMPSON, JJ.

GOSS, C. J.

This involves two equity suits in which plaintiff sought injunctions. The cases were consolidated and tried together in the district court. From decrees against him, the plaintiff appeals. The cases were argued and submitted together here. The appellant here was plaintiff below and will be referred to as plaintiff. The appellees will be referred to as defendants.

Plaintiff owns half a lot in Nebraska City on which was located a building erected for business purposes. In 1925 it was remodeled by the owner for use as a gas filling station and leased in writing for three years from June 1, 1925, to A. K. McPherson and H. A. Risk at a rental of $100 a month, payable monthly in advance. The lessees were partners. When they were let into possession, the necessary pumps, tanks and filling station equipment were placed on the property for their use by W. L. Peterson, an agent for an oil company, from whom the lessees purchased supplies. In November, 1925, the lessees sold their business and equipment to Peterson and he entered and operated the business until the restraining order was served. The evidence shows that plaintiff was asked by McPherson and Risk to give a lease to Peterson, and orally assented, but such lease was never given; that Peterson, however, paid the rental thereafter, but plaintiff made out

the receipts in favor of McPherson and Risk and delivered them to Peterson; and that McPherson, Risk and plaintiff all recognized that the McPherson and Risk lease was in force until the commencement of the litigation. We find from the evidence that Peterson's occupancy was lawful and with the knowledge and consent of plaintiff.

On February 4, 1926, to secure his indebtedness to the bank, Peterson gave to Otoe County National Bank a $3,000 chattel mortgage, which was duly recorded, covering the fixtures installed by him and the personal property he had previously purchased from McPherson and Risk, all being in the filling station then and at the time of the trial. The last of the debt secured was due August 4, 1926, and has not been paid. On October 7, 1926, the chattel mortgage ·was sold and assigned to the defendant Stocker, in whose behalf his written demand for the possession of the mortgaged items for the purpose of foreclosure was made on Peterson at the filling station. Peterson gave his consent, McPherson and Risk expressly consented to the entry, possession was taken and, it being impracticable to remove the items that day, the station was temporarily closed. This action was brought by plaintiff the next day to enjoin the defendant from removing the fixtures and from interfering with plaintiff's use and enjoyment of the premises. Issues were joined and the trial resulted in favor of defendant Stocker and in a dismissal of all other defendants. On October 11, 1926, another suit was filed by plaintiff against defendant Stocker only. The pleadings are substantially the same, and, on trial of both cases together, this also resulted in a decree against plaintiff and in favor of defendant John D. Stocker.

Plaintiff properly states the questions to be decided: (1) Were the fixtures and equipment on plaintiff's premises and sought to be removed by the defendant Stocker removable fixtures, or were they a part of the realty? (2) Has the defendant Stocker a valid chattel mortgage upon said property?

The first case cited by plaintiff on the question of removable fixtures and the right to remove, and the only Nebraska case cited by him on that point, is *Stevens v. Burnham*, 62 Neb. 672. All that was declared in that case was the fact that there was no evidence that the barn involved was a removable structure, and the announcement of the proposition of law, supported by the citation of four earlier cases, that the right of a tenant, or of those claiming under him, to remove a trade or agricultural fixture expires with the tenancy. Plaintiff argues that chattels permanently affixed to realty, especially when adapted to a specific use, become a part of the realty and the property of the owner so that they may not be severed or removed. That may be true under certain circumstances, but the mere fact of fixation and adaptation does not furnish the test for all cases, nor for the one under consideration. This court has repeatedly held that fixtures erected by a tenant, which can be removed without material injury to the premises, may be removed by the tenant during his term. *Lanphere v. Lowe*, 3 Neb. 131; *Fenimore v. White*, 78 Neb. 520; *Ogden v. Garrison*, 82 Neb. 302. Where an owner of real estate instructed an agent to sell it for a fixed price, the agent so sold it; the purchaser, without a written contract, or the payment of any money, took possession pending the execution of the deed and began the erection of a house, but the owner repudiated the sale and took possession of the building constructed by the purchaser; held, that the purchaser was not divested of his title to the building, he being in no default, and having constructed the building in good faith, and that he could maintain replevin therefor. *Waters v. Reuber*, 16 Neb. 99. The question of the character of a steam heating plant, whether a permanent fixture or personal property which may be removed by a tenant during his term, is one of mixed law and fact, and the finding of the court upon that question, when based on fairly conflicting evidence, will not be disturbed. *President and Directors*

*of Ins. Co. of North America v. Buckstaff,* 3 Neb. (Unof.) 632.

We find that not only the weight of authority generally but our own decisions specifically conclude us on the question; and that where fixtures are erected upon or attached to leased real property, by a tenant or other person rightfully there, for a specific use concerned with the occupancy during the leasehold term, and without any contrary agreement expressed or implied, they may be removed by the tenant, or by those lawfully claiming under him, during his term, provided the severance can be accomplished without injury to the freehold of the landlord.

As to whether the items involved can be removed without damage to the owner's estate, we find, on reading the evidence, which it would serve no useful purpose to recapitulate, that the property described includes many articles not affixed to the land at all; and that the testimony of practical and expert witnesses leads to the inevitable conclusion upon which the trial court based the decrees, namely, that the storage tanks, pumps and other attached fixtures were so installed that they may be removed without damage to appellant's real estate.

The remaining contention of appellant involves his claims that the defendant Stocker has not shown that he has a valid chattel mortgage, because he failed to prove an assignment to him of the notes secured thereby, and because he failed to prove that no proceedings at law to collect the debt were had before starting foreclosure.

Really, these are questions which appellant is not in a position to raise, for, as we have decided, he has no legal interest in the removable fixtures and, therefore, is not concerned as to the validity of the chattel mortgage covering them. The evidence shows that Peterson, the owner and mortgagor of the fixtures, acceded to the written demand of John D. Stocker, as assignee of the mortgage, for possession of the chattels for the purpose of foreclosure and in writing gave him express permission to remove them for

that purpose.  In neither suit involved here does the defendant John D. Stocker plead or pray for a foreclosure of his chattel mortgage; all he asks is restitution of possession on the ground that he has a lien on the articles by reason of his assignment of Peterson's chattel mortgage.  It will be time enough to consider whether the debt or notes should be specifically assigned to him, or whether he has proceeded at law as conditions precedent to a valid foreclosure, when he gets possession of the mortgaged chattels and proceeds to foreclose.

We conclude that the several findings of fact, conclusions of law and decrees of the trial court were right.  They should be, and are,

AFFIRMED.