CLARENCE RUNNER ET AL., APPELLANTS, V. FRED PIERSON ET AL., APPELLEES.

14 N. W. 2d 847

FILED JUNE 9, 1944. No. 31777.

*Hoagland, Carr & Hoagland,* for appellants.

*Beeler, Crosby & Baskins, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, CHAPPELL and WENKE, JJ.

CHAPPELL, J.

This is a suit to enjoin defendants, appellees, from trespassing upon lands belonging to plaintiffs, appellants, and removing wire fences therefrom. The trial court in its decree dismissed the action as to defendant William Chessmore, but permanently enjoined defendant Fred Pierson from trespassing upon the lands and removing fences between sections 28 and 29. There is no controversy here about this portion of the decree. However, in its decree the trial court also found for Fred Pierson, hereinafter called defendant, as to the fences between sections 20 and 21 and across the center of section 29, all in township 17 north, range 32, McPherson county, Nebraska, from which plaintiffs appeal contending that this part of the decree is contrary to the evidence and the law. We agree with these contentions.

The record discloses that plaintiffs are owners of all the property involved, except 80 acres in section 29, and have been in possession thereof for several years. Defendant for a long period of time leased, but now owns, certain adjoining lands. When defendant and his predecessor fenced their own lands, they, without any lease or other authority of the owner from whom plaintiffs obtained title, fenced

and cross-fenced the lands here involved to give them wider and more extensive grazing lands.

The trial court found specifically in its decree that in 1924 fences were constructed between sections 20 and 21, and in an easterly and westerly direction near the half-section line across section 29, out of material belonging to defendant or his vendor, and that such fences were defendant's personal property which never became affixed to the land and were therefore removable by him. While we believe there is compelling evidence in this record that the fences were constructed in the first instance before 1924, and by persons other than defendant, it is immaterial in our view of the case.

Counsel for the parties have devoted a large part of their briefs to a discussion of the law of fixtures, which we do not deem it necessary or proper to discuss at length in this opinion. Suffice it to say, that fences constructed upon a farm are generally held to be fixtures and a part of the realty unless specifically exempted by contract or otherwise. 36 C. J. S. 915, 916, sec. 11; *Pabst v. Ferch*, 126 Minn. 58, 147 N. W. 714; *Leo Co. v. Jersey City Bill Posting Co.*, 78 N. J. Law 150, 73 Atl. 1046. Whatever is thus affixed to the land becomes subject to the same rules of law as the land itself. Ewell, Law of Fixtures (2d ed.) 77, sec. 51.

Defendant long ago parted with possession of the lands upon which the court found that he had constructed the fences. If he ever was a tenant at will, as contended by him, his right to remove such fences was lost when his tenancy terminated and he parted with possession, in the absence of a contract with, or consent of, the owner to the contrary. This principle finds support in many decisions of this court in cases of a similar nature. *Friedlander v. Ryder*, 30 Neb. 783, 47 N. W. 83; *Free v. Stuart*, 39 Neb. 220, 57 N. W. 991; *Fuller v. Brownell*, 48 Neb. 145, 67 N. W. 6; *Stevens v. Burnham*, 62 Neb. 672, 87 N. W. 546; *Fenimore v. White*, 78 Neb. 520, 111 N. W. 204; *Frost v. Schinkel*, 121 Neb. 784, 238 N. W. 659. See, also, 22 Am. Jur. 756, sec. 43; 36 C. J. S. 978, sec. 41; Ewell, Law of Fixtures (2d ed.) 199, sec. 139.

However, the record discloses that defendant never was a tenant at will or otherwise of the land involved. It is admitted that he never had any lease or right to a lease of the property or any agreement with any one concerning either constructing or removing the fences. Under these circumstances, we are required to apply the general rule that fixtures placed upon the land of another by a stranger without previous consent of the owner and without any contract with him, express or implied, to the contrary, become a part of the realty and may not be removed by the party erecting them or his vendee as against the owner of the soil. Ewell, Law of Fixtures (2d ed.) 80, sec. 54, and 86, sec. 57; 26 C. J. 672; 36 C. J. S. 962, sec. 25a.

There are many cases almost directly in point which support this position. It was held in *Ebersol v. Trainor*, 81 Ill. App. 645, that, "Where a person erects a wire fence upon the land of another without the owner's consent, such fence becomes a part of the realty and such person parts with his ownership of the materials entering into the fence and has no further right thereto." Also, in *Kimball v. Adams*, 52 Wis. 554, 9 N. W. 170, "Where a fence is built, as a permanent structure, by one person upon the land of another without any agreement between the parties as to a right of removal, it becomes a part of the realty; * * * ." Likewise, in *Burlerson v. Teeple*, 2 Greene (Ia.) 542, where a fence was constructed without consent upon government lands which were later sold to another, the court said: " 'It is a general principle that all permanent buildings follow the tenure of the soil on which they are erected. The fence which encloses a field is within the doctrine. It is necessary for the use and occupation of the ground, and cannot be removed without injury to the freehold. On alienation it passes with the soil.' *Seymour v. Watson*, 5 Blackf. 555; * * * ." Finally, in *Heubschmann v. McHenry*, 29 Wis. 655, it was said: "And, indeed, it would be strange * * * if it were to be held that the mere trespasser, entering without any title and erecting * * * improvements, having in all other respects the character of fixtures, could show that they

were not, by showing that his intention was at some future day to remove them. This would be a new way of defeating the rights of the owner of the soil to fixtures and improvements thus annexed, and which, by the common law as it now exists and always has, confessedly belong to him." See, also, Ewell, Law of Fixtures (2d ed.) 59, sec. 41.

Defendant contends that he is entitled to remove the fences by reason of a custom prevailing among ranchmen in western Nebraska. Whether such a custom, if proved, would have application here we need not decide since the record shows a complete failure to prove the necessary elements to establish it. In this connection, the rule is that, "It is incumbent upon one relying on a special custom as a basis of recovery or of defense, not only to allege and prove such custom, but also to prove that the person sought to be bound thereby had knowledge thereof and contracted with reference thereto." *State ex rel. Sorensen v. Nebraska State Bank,* 120 Neb. 539, 234 N. W. 82.

We conclude that the trial court in its decree should also have permanently enjoined defendant Fred Pierson from trespassing on plaintiffs' lands and removing the fences between sections 20 and 21 and across section 29. Therefore, the judgment of the trial court is reversed and the cause remanded with directions to enter a judgment for plaintiffs in conformity with this opinion.

REVERSED, WITH DIRECTIONS.