GEORGE H. PHELPS, APPELLEE, v. EUGENE BLOME ET AL., APPELLANTS.

35 N. W. 2d 93

Filed December 22, 1948. No. 32499.

*Torgeson & Halcomb* and *E. E. Carr*, for appellants.

*Mothersead & Wright* and *Robert G. Simmons, Jr.,* for appellee.

548

Heard before Paine, Carter, Messmore, Yeager, Chappell, and Wenke, JJ.

Chappell, J.

Plaintiff brought a forcible entry and detainer action against defendants in a justice of the peace court to obtain restitution of described ranch lands in Morrill County.

Upon trial of the issues to a jury, plaintiff recovered a verdict and judgment on March 14, 1947. On March 19, 1947, defendants filed an appeal bond, and on the same date plaintiff filed a bond and obtained an order for restitution, notwithstanding the appeal. On March 26, 1947, defendants were removed from the premises upon a writ of restitution dated March 15, 1947.

The issues in the forcible entry and detainer action itself are not involved in this appeal. After defendants had appealed to the district court, plaintiff filed a motion therein to dismiss the appeal, primarily upon the ground, pleaded specifically and at length, alleging in substance that after trial of the cause upon the merits and a verdict had been rendered in the justice court, plaintiff and defendants entered into an oral agreement for valuable consideration, whereby defendants agreed not to appeal. Plaintiff alleged that he had in all respects complied with the agreement, therefore defendants were precluded from prosecuting the appeal. Defendants filed answer thereto, in substance denying generally, denying plaintiff's right to the remedy sought, pleading estoppel by conduct, and praying for an order overruling the motion. Evidence was adduced by the parties upon the issues thus presented in the district court for Scotts Bluff County, pursuant to agreement of the parties. At the conclusion thereof, the trial court entered its order adjudging and decreeing that plaintiff's motion should be sustained, and dismissing defendants' appeal. Motion for new trial was overruled, and defendants appealed to this court.

The primary questions presented by brief and argument are: (1) Whether or not there was in fact an enforceable agreement with defendants that they would not appeal, as claimed by plaintiff; and (2) if there were such an agreement, whether or not plaintiff's motion to dismiss was a proper remedy for its enforcement. We conclude that both propositions should be answered in the affirmative.

Plaintiff's evidence consisted of the testimony of plaintiff's attorney, who originally represented him in the justice court, whose testimony was verified by the testimony of defendants' attorney, who no longer represented them but was their attorney in the justice court and in the transaction whereby the alleged agreement was perfected. Plaintiff also offered in evidence the writ of restitution and return of the sheriff thereon. Defendants themselves did not testify, and the evidence to sustain their contentions consisted solely of copies of two letters, claimed by plaintiff's attorney to have been written by him to the sheriff, together with an affidavit of the sheriff who eventually executed the writ of restitution.

An examination of the record discloses competent evidence clearly ample and sufficient to sustain a finding that on March 14, 1947, after the verdict of the jury had been returned, it was voluntarily and expressly agreed between plaintiff and defendants that writ of restitution should issue, but should not be executed by the sheriff until March 25, 1947, who was to be so advised by plaintiff, in order to permit defendants to stay in possession until that date and thus give them time and opportunity to sell their cattle, and further that plaintiff would either purchase defendants' personal property, such as fences and corrals then on the premises as thereafter appraised, or if not so purchased, plaintiff would permit defendants to go upon the premises and remove such improvements within a reasonable time after March

25, 1947, in consideration of which defendants promised and agreed not to appeal.

There is competent evidence that plaintiff's attorney wrote the sheriff a letter on March 17, 1947, which letter was offered in evidence by defendants, in which the sheriff was notified in substance that writ of restitution had issued, but that defendants, having agreed not to appeal if they could stay in possession until March 25, 1947, the writ should not be executed by him until that date. There is also competent evidence that after defendants had filed an appeal bond, plaintiff's attorney again wrote the sheriff a letter on March 20, 1947, which letter was also offered in evidence by defendants, in substance advising the sheriff of defendants' appeal, but that plaintiff had provided a bond and obtained an order of court for restitution notwithstanding defendants' appeal, therefore, if defendants did not remove from the premises as agreed, then the writ of restitution was to be fully executed by the sheriff in any event, but not before March 25, 1947.

The return of the sheriff, which appears upon the writ of restitution, dated March 15, 1947, discloses the following:

"State of Nebraska.)

ss

County of Morrill.)

Received this writ March 17, 1947. And as commanded caused the defendants to remove from the said premises on the 26th day of March 1947. Also have collected the above costs in the amount od $10.60 and herewith turn the same over to Mr. J. W. Smith, Justice of the peace. Fees Execution _____ $1.00

M. E. Devore

Sheriff"

The substance of the sheriff's affidavit, offered in evidence by defendants, was at variance in some respects not only with the writ itself, but his own return appearing thereon, both of which import verity. For

example, the affidavit stated that the writ of restitution was dated March 14, 1947, in which the sheriff was clearly mistaken. He said that he received it on March 15, 1947, contrary to the statement made in his return, and that he immediately advised defendants that he "had the writ and that they would have to vacate said property; * * *." It will be noted the sheriff did not say that he executed the writ at that time. He did not state in the affidavit just when that was done. The return affirmatively disclosed that the writ was not executed until March 26, 1947, which would be in conformity with plaintiff's contentions. He did not say in words, but intimated the fact that he did not receive the letters of plaintiff's attorney written on March 17, 1947, and March 20, 1947, respectively, by saying that "I never received any directions from any one to hold up serving the writ * * *."

It is well established in this jurisdiction that a sheriff's return upon a judicial process is prima facie proof of the service therein indicated, and that the return of such an officer cannot be impeached except by clear and convincing evidence. De Lair v. De Lair, 146 Neb. 771, 21 N. W. 2d 498. The rule has application in the case at bar.

The record discloses that plaintiff did not purchase defendants' improvements, such as fences and corrals then on the premises, after appraisal thereof, but there is competent undisputed evidence in the record that they were never removed by defendants or the sheriff, but were purchased by the new owner in possession of the realty at some time after the termination of defendants' tenancy. We conclude that there was ample evidence to sustain a finding that the agreement was performed by plaintiff but breached by defendants, and that plaintiff was not estopped by his conduct from enforcing the agreement.

We come then to the question of whether or not the agreement was legally enforceable, and if so, whether

or not plaintiff pursued the proper remedy. In that connection, we find the following authoritative statement in 2 Am. Jur., Appeal and Error, § 204, p. 971: "Though there are a few cases to the contrary the rule prevailing in the great majority of the jurisdictions is that an agreement, based on a sufficient consideration, not to appeal or take a writ of error, or a release of errors, is valid and binding and, when properly pleaded, will constitute a bar to proceedings taken in violation of the agreement. * * *

"An objection that the parties agreed not to appeal from the judgment may be made for the first time in the appellate court where the agreement was not filed in the trial court and the appeal was allowed by that court in ignorance of the agreement."

Also, as stated in 2 Am. Jur., Appeal and Error, § 205, p. 971: "To establish the fact that, since a judgment was rendered or a decree given, the party appealing therefrom has so dealt with the subject-matter of the suit or action as to preclude him from further asserting his alleged right on appeal, evidence dehors the record is, it would seem, admissible."

In 4 C. J. S., Appeal and Error, § 210b, p. 393, appears the statement that: "If a party, after judgment, or even after praying or taking an appeal, agrees to waive his right of appeal, or to withdraw the appeal and not thereafter to appeal, such an agreement is binding and will be enforced by the appellate tribunal by dismissing the appeal, as where the case is, by stipulation of the parties, subsequently dismissed."

In 4 C. J. S., Appeal and Error, § 210c, p. 394, it is said: "An agreement or stipulation waiving the right to appeal or bring error, or releasing errors, whether made before or after judgment, is generally regarded as valid and binding, and is upheld on the ground of public policy to encourage litigants to accept as final the decisions of courts of original jurisdiction. Nevertheless such a right will be held to have been waived only

where the intention to waive or release clearly appears from the terms of the agreement or stipulation, and where it is entered into by competent parties, and is supported by a sufficient consideration; * * *." See, also, 3 C. J., Appeal and Error, § 534, p. 663.

As stated in 3 C. J., Appeal and Error, § 535, p. 665: "Affidavits and other competent evidence dehors the record may be received to establish the fact that appellant or plaintiff in error has, since the judgment, order, or decree complained of, abandoned or waived the right to prosecute the appeal or proceeding in error."

In Thurston v. Travelers Ins. Co., 128 Neb. 141, 258 N. W. 66, this court said: "The general rule cannot be gainsaid that, pending appeal, an event may occur which renders a decree unnecessary, in which case the appeal will be dismissed. Such a condition may arise by act of the appellant or plaintiff in error himself, or of the appellee or defendant in error, as where, pending appeal, he does or relinquishes the right to do some act in respect to which the appeal is taken. 3 C. J. 360, et seq."

In United States Consol. Seeded Raisin Co. v. Chaddock & Co., 173 F. 577, a motion was filed to dismiss the appeal upon the ground that after the cause had been argued and submitted, the parties had entered into an agreement to relinquish the right to appeal from the judgment. In the opinion sustaining the motion it was said: "* * * it seems to be universally held that, where such an agreement is made upon a valid and legal consideration, either before or after trial, it will be enforced in an appellate court, and the appeal, if taken, will be dismissed (citing many authorities) * * *. The appellant makes the point that the objection to taking the appeal should have been presented in the court below, and that it comes too late when presented for the first time in this court. We find no substantial ground for so holding. The agreement was not on file in the court below, and the order allowing the appeal was made by

the court apparently in ignorance of its existence. * * * The objection to the jurisdiction of the appellate court to entertain an appeal in such a case is properly addressed to that court."

Speeth v. Fields, 47 Ohio Abs. 47, 71 N. E. 2d 149, is in law almost squarely upon all-fours with the case at bar. Therein it was agreed that defendants would waive the right of appeal. The consideration therefor was an extension of time in which a writ of restitution should be issued beyond the time ordinarily granted by the court. Defendants appealed and plaintiff filed motion to dismiss the appeal. In the opinion it was said: "Under these undisputed set of facts the proper remedy to procure the dismissal of an appeal filed in violation of such an agreement, is by motion."

The opinion, in sustaining plaintiff's motion to dismiss, cited with approval and relied upon Southern Indiana Power Co. v. Cook, 182 Ind. 505, 107 N. E. 12, wherein it was said: "The rule which obtains in a majority of jurisdictions is that a stipulation waiving the right to appeal is valid and binding and bars an appeal taken in violation of its terms. An objection to the appeal may properly be taken in the appellate court by a motion to dismiss based on the agreement. (Citing many authorities)."

The opinion also cited as authority Harmina v. Shay, 101 N. J. Eq. 273, 137 A. 558, wherein it was held: "Such agreements (referring to agreements to waive the right to appeal) are upheld on the ground of public policy in encouraging litigants to accept as final decisions of courts of original jurisdictions."

The court in the opinion also referred to and approved the holding in United States Consol. Seeded Raisin Co. v. Chaddock & Co., *supra*, to the effect that: "A stipulation by the parties to a suit that no appeal shall be taken from the decree of the trial court, if based on a valid and legal consideration, will be enforced by the appellate court, and an appeal, if taken, dismissed."

See, also, McKain v. Mullen, 65 W. Va. 558, 64 S. E. 829, 29 L. R. A. N. S. 1; Worthington v. Osborne, 140 Ark. 215, 215 S. W. 700.

There is presented then the question of whether or not the agreement involved in the case at bar was based on a sufficient consideration. As stated in 17 C. J. S., Contracts, § 74, p. 425: "There is a sufficient consideration for a promise if there is any benefit to the promisor or any detriment to the promisee. A benefit need not necessarily accrue to the promisor if a detriment to the promisee is present, and there is a consideration if the promisee does anything legal which he is not bound to do or refrains from doing anything which he has a right to do, whether or not there is any actual loss or detriment to him or actual benefit to the promisor." The foregoing statement is supported by many authorities appearing in the notes, including United States Fidelity & Guaranty Co. v. Curry, 126 Neb. 705, 254 N. W. 430, and Crawford State Bank v. McEwen, 132 Neb. 399, 272 N. W. 226.

In 2 Am. Jur., Appeal and Error, § 204, p. 971, appears the statement that: "The forbearance of the plaintiff to enforce his judgment is as valuable a consideration for the release of errors by the defendant, as forbearance to sue is to support a promise founded thereon." See, also, 17 C. J. S., Contracts, § 103, p. 456.

As provided by section 27-1414, R. S. 1943, in referring to a writ of restitution: "The officer shall, within ten days after receiving the writ, execute the same by restoring the plaintiff to the possession of the premises, and shall levy and collect the costs, and make return as upon other executions. * * *."

In Ehlers v. Gallagher, 147 Neb. 97, 22 N. W. 2d 396, this court said: "It was, of course, within the power of the appellant to control the enforcement of his judgment and, after execution had been issued, to withhold the levy thereof." The opinion also quoted with approval a statement appearing in Peck v. City Nat. Bank of

Grand Rapids, 51 Mich. 353, 16 N. W. 681, 47 Am. R. 577, that: "Judgments are under the control of the parties recovering them, or of their attorneys, and they may restrain the sheriff from proceeding to collect them."

Since the agreement was made, and plaintiff performed the same, then we conclude that plaintiff's promise to delay execution of the writ of restitution was a sufficient consideration to support defendants' promise to forego the right to appeal. Likewise, plaintiff's promise to permit defendants to enter upon the premises and remove their improvements after expiration of their tenancy, if not purchased by plaintiff, was also a sufficient consideration to support defendants' promise to forego the right to appeal, since it is generally the rule that the right to remove such improvements expires with the tenancy, in the absence of a contract with or consent of the owner to do otherwise. See, Stevens v. Burnham, 62 Neb. 672, 87 N. W. 546, and Runner v. Pierson, 144 Neb. 847, 14 N. W. 2d 847.

For the reasons heretofore stated, we conclude that the trial court correctly adjudged that there was existent between the parties a valid, binding, and enforceable agreement that defendants would not appeal, and that plaintiff's motion to dismiss was a proper remedy for its enforcement. A fortiori, the judgment should be and hereby is affirmed.

AFFIRMED.